Argued September 15, affirmed September 28, 1920.

## NOBLE *v.* NOBLE.

(190 Pac. 1061.)

**Divorce—Complaint Held to Show Cruel and Inhuman Treatment.**

1. Complaint for divorce of husband against wife, charging cruel and inhuman treatment and personal indignities through free association with other men while plaintiff was in the military service in France, *held* to state facts sufficient to constitute a cause of suit.

[On charge of adultery as ground for divorce, see notes in 18 L. R. A. (N. S.) 300; 34 L. R. A. (N. S.) 360.]

**Divorce—Complaint, Using Word "Resident" Instead of "Inhabitant," Sufficient.**

2. Husband's complaint for divorce for cruel and inhuman treatment and personal indignities, alleging that plaintiff had been a "resident" of Oregon ever since the marriage of the parties in 1917, was sufficient to give the court jurisdiction, though not using the term "inhabitant," the words "resident" and "inhabitant" being used synonymously in Section 509, L. O. L., requiring plaintiff in suit for divorce to be an inhabitant of the state.

["Residence" as synonymous with "domicile" in divorce statute, see note in Ann. Cas. 1915C, 188.]

**Divorce—Amendment to Show Plaintiff "Inhabitant" of State, as Well as "Resident," Held Proper.**

3. In a husband's suit for divorce, the complaint alleging that he was a "resident" of the state, though such amendment was un-

97 Or.—32

necessary, the trial court had a right to permit amendment of the complaint by inserting the words "and an inhabitant" after "resident" to bring it beyond all doubt within Section 509, L. O. L.

From Coos: John S. Coke, Judge.

Department 2.

This is a suit for divorce. The complaint alleged, in substance, the marriage of the parties in Coos County, Oregon, on April 23, 1917; that plaintiff has been a resident of the State of Oregon ever since said marriage, and charged defendant with cruel and inhuman treatment and personal indignities, rendering life burdensome, the substance of such charge being as follows:

That this plaintiff was on or about the fourth day of December, A. D. 1917, duly inducted into the military service of the United States of America, and was sent to France and there engaged in the war against Germany and her allies with the American Expeditionary Forces; that while this plaintiff was in such military service, the said defendant, disregarding her marital status and the rights of this plaintiff, went to Portland, Oregon, and there represented to various and divers persons that she was a single woman, and during the entire time there went by the name of Elsie Wolfe, her maiden name, among the persons with whom she was thrown in contact, and thereafter began to accompany and go to dances with other men, the names of whom are unknown to this plaintiff, and allowed such other men to call upon her constantly and associated with them in public places in said City of Portland intimately and in the same manner as if she were unmarried, and conducted herself in an unbecoming and unseemly manner with them, and in the presence of mutual acquaintances of the plaintiff and defend-

ant, spoke disparagingly of this plaintiff, and stated
that she would never return to him, and so conducted
herself as to cause a great public scandal among the
acquaintances, friends, and relatives of this plaintiff,
all of which became known to this plaintiff on his
return from France, and caused him great mental pain
and suffering, and greatly and deeply humiliated
him, and all of which acts, statements, and conduct
of the defendant were calculated to have such effect,
and were done by the defendant purposely and in-
tentionally and with intent to wound and injure the
feelings of the plaintiff and to bring public disgrace
upon him and into the contempt of all right-thinking
persons, and all of which will cause the impairment
of the plaintiff's health and tends to permanently
destroy his peace and happiness, and will so do,
unless the bonds of matrimony are dissolved and the
plaintiff is freed from his marital obligations and
duties.

The defendant answered, denying the charges, and
alleging that plaintiff has been guilty of cruel and
inhuman treatment in falsely making and circulating
reports of the character set forth in the complaint,
and asked for a decree of divorce from plaintiff.

Upon the trial the court found in favor of plain-
tiff upon all the allegations, and later a decree was
entered granting plaintiff a divorce.

After the testimony had been taken and before a
decree had been entered, the defendant's counsel
moved the court to dismiss the suit for the reason
that the complaint did not state facts sufficient to
constitute a cause of suit, and because the court did
not have jurisdiction, for the reason that there was
no pleading or proof that plaintiff was an *inhabitant*
of the state at the commencement of the action and

for one year prior thereto, as required by Section 509, L. O. L.

Thereupon the plaintiff's counsel asked and obtained leave to amend the complaint to correspond with the proof by inserting the words "and an inhabitant" after the word "resident," which application was allowed, and thereafter findings and a decree were made and entered, as above stated, from which decree defendant appeals.          Affirmed.

For appellant there was a brief over the names of *Mr. Seneca Fouts* and *Mr. Chas. I. Reigard,* with an oral argument by *Mr. Fouts.*

For respondent there was a brief and an oral argument by *Mr. L. A. Liljeqvist.*

McBRIDE, C. J.—1, 2. Without going into the matter in detail we are of the opinion that the complaint states facts sufficient to constitute a cause of suit, and such of the testimony as has been brought here in the transcript supports the finding of the court. The jurisdictional question raised seems to depend upon a supposed distinction between the word "resident" as used in the complaint and the word "inhabitant" used in Section 509, L. O. L. In fact, the brief submitted by defendant seems to be predicated entirely upon this supposed distinction. We are of the opinion that whatever subtle distinction may be drawn in the definition of these terms by lexicographers, or in other statutes, they are synonymous so far as this statute is concerned. A reading of the section, as italicized below, makes this construction evident. It reads as follows:

"In a suit for the dissolution of the marriage contract, the plaintiff therein must be an *inhabitant* of

the state at the commencement of the suit, and for one year prior thereto; which *residence* shall be sufficient to give the court jurisdiction, without regard to the place where the marriage was solemnized or the cause of suit arose."

The words are used interchangeably and it is not probable that the legislature ever had in mind a construction which might in some instances prevent a *bona fide* resident of the state from prosecuting a cause of suit for divorce, arising during his temporary or enforced physical absence from the state.

None of the cases cited from this state, when properly considered, sustains appellant's contention. In *Miller* v. *Miller*, 67 Or. 359 (136 Pac. 15), it is true Justice BURNETT quotes from an opinion of Justice R. S. BEAN, in which the latter drew a distinction between residence and domicile, saying that they were not synonymous, but in the main opinion Justice BURNETT held that a person who had been absent in Idaho for three years, and who then returned to a former residence in Oregon, she, all the time during her absence, having had the intention to return, was such a resident and inhabitant of Oregon as to bring her within Section 509, L. O. L. In the opinion Mr. Justice BURNETT treats the words "resident" and "inhabitant" as synonymous, as shown in the following quotation:

"In determining the *residence* or *permanent habitation* of the plaintiff," etc.

And again, quoting from a Wyoming decision:

"We think the rule is that the wife's residence is that of her husband, save in exceptional cases," etc.

To the writer the case seems strongly in favor of respondent's position here.

*Reed's Will,* 48 Or. 500 (87 Pac. 763), cited by counsel for appellant, was not a case arising under the statute now under consideration. In it the court considered generally the relation of domicile to residence and the opinion has little bearing upon the present contention.

The next case cited by appellant is *Parrish* v. *Parrish,* 52 Or. 160 (96 Pac. 1066). The case is not in point here. In that case the complaint, while alleging that the marriage was solemnized in this state and that the plaintiff resided in this state at the commencement of the suit, did not allege that he had so resided for a year next preceding the institution thereof; the distinction urged here was not considered and it is a fair inference from the whole opinion that, if plaintiff had alleged in that case what is pleaded as to residence in the instant case, it would have been held sufficient.

*Holton* v. *Holton,* 64 Or. 290 (129 Pac. 532, 48 L. R. A. (N. S.) 779), is not in point. In that case the plaintiff sued for a divorce and made no allegation whatever in reference to his own residence. The plaintiff obtained a decree, and fifteen months afterward moved for leave to amend the complaint and findings of fact so as to conform to the proof showing his lawful residence in the state. The court, over defendant's objection, having made such an order *nunc pro tunc* as of the date of the original decree, the defendant appealed here, where we held that the court, not having had jurisdiction in the first instance, could not obtain it by such an order.

There is not a single primary definition of the term "residence" that does not include inhabitancy, and not a single primary definition of "inhabitant," that does not in some way include residence. There are some refinements in the secondary definition of both

terms that introduce technical distinctions, but they have never been applied to statutes similar to this. This being the case, the use of the word "resident" instead of "inhabitant" did not in any event constitute an entire failure to state a jurisdictional fact, but at the most was merely an imperfect statement of it, and as such was subject to amendment at any time before the final submission of the cause.

3. The cause had not been finally submitted when the motion to amend was filed. It appears from the record that after the testimony had been taken and before the final decree was rendered, defendant's counsel filed a motion which recited that, all the evidence having been offered and both parties having rested and the trial having been concluded and the cause submitted, the defendant now moves the court for an order dismissing the cause for want of jurisdiction and specifying the grounds urged here. Notwithstanding the statement in the motion, that the cause had been submitted, it is self-evident that it has not been, as defendant was by his very motion contesting vigorously the right of the court to proceed further. In this state of the case plaintiff asked leave to amend by inserting the term "inhabitant," which the court permitted, and thereafter decided the case in favor of plaintiff. While the amendment was unnecessary, it was one which the court had a right to permit in order to correct an expression which very technical persons might deem ambiguous.

The decree is affirmed.     AFFIRMED.

HARRIS, JOHNS and BENNETT, JJ., concur.