SORGEN *v.* THE STATE OF OHIO.

(Decided June 2, 1930.)

*Messrs. Morgenstern & Morgenstern,* for plaintiff in error.

*Mr. H. L. Bral,* for defendant in error.

SHERICK, J. It is sought by this proceeding to obtain a reversal of a judgment of conviction of the plaintiff in error, Ben Sorgen, entered in the criminal division of the municipal court of the city of Cleveland.

The affidavit charging the offense recites: "That on or about the 2nd day of October, A. D. 1929, * * * one Ben Sorgen did unlawfully practice medicine * * * before he the said Ben Sorgen had obtained a certificate from the State Medical Board of Ohio to practice medicine or surgery or any of its branches in the manner required by law, in this, to wit: he the said Ben Sorgen did then and there examine and diagnose, and did then and there prescribe, advise, recommend and dispense for a compensation, to wit, the sum of two dollars, paid to him by Isaac McAnally, a certain application, operation, and treatment, the name of which is magnetic healing and the nature of which is massage and laying on of hands for the cure and relief of a bodily infirmity and disease of Isaac McAnally, to wit: neuritis."

The prosecuting witness, Isaac McAnally, is a reporter of the Cleveland Daily News. It is charged that it was the admitted purpose of McAnally's visit

to entrap the defendant that thereby a story might be secured for McAnally's paper, from which it is claimed that the record fails to disclose that the offense charged has been proved by that degree of proof required in criminal cases, for the reason that entrapment is not looked upon favorably, but received under suspicion.

Should the defendant's claim be sound, there can be no doubt that enforcement of criminal statutes enacted for the benefit and protection of the people at large would be greatly curtailed, and the law be deprived of one of its most effective weapons for the suppression of crime. It is true that entrapment is not looked upon with favor by the law violator, but that fact cannot prohibit its use long recognized by the law. A most frequent application thereof is observed in the enforcement of the Eighteenth Amendment to the Federal Constitution. The case of *Andrews* v. *State,* 23 C. D., 564, 15 C. C. (N. S.), 241, approves the rule that one may be lured and entrapped into the commission of an offense against the public welfare of the state and the people thereof when such is necessary for the detection and punishment of a criminal practice that affects the people at large; and, as determined in *Diegle* v. *State,* 86 Ohio St., 310, 99 N. E., 1125, the fact that a criminal offender has been entrapped does not prevent him from being punished for the crime into which he was entrapped.

The law presumes that the witness is relating the truth and not falsehood, and the court or jury has no right to start with the assumption of a suspicion of falsehood, but from the testimony or demeanor of the witness may be ultimately led to that conclusion. Society is constantly at war with criminal

practices. Newspapers are the principal agencies of society's information and expression, and we see no reprehensible act on the part of the reporter which would cause us to conclude that his testimony should be received with suspicion in this instance, but rather that his testimony should be given that weight and credibility which the trial court undoubtedly gave it.

It is asserted that McAnally was not at the time suffering from neuritis or from any other bodily infirmity or disease, from which it is advanced that a person cannot be said to practice medicine in attempting to cure a definitely named ailment or disease of a particular person when such person does not in fact suffer from such ailment or disease. The answer of this court to that conclusion must be that, if such be true, then it behooves the medical profession to perfect itself to the point that it may be 100 per cent. proficient in its diagnosis of the ills that flesh is heir to or seek its livelihood elsewhere.

The record in this case affirmatively shows that the defendant was engaged in the practice of medicine as a magnetic healer before he had obtained a certificate from the state medical board of Ohio, and that all things necessary to have been proved by the state were fully proven, none of which has the defendant attempted to deny. And it is the judgment of this court that the offense charged has been fully proved by that degree of proof required in criminal cases.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and MAUCK, J., concur.

Judges MIDDLETON and MAUCK, of the Fourth Appellate District, and Judge SHERICK, of the Fifth

Appellate District, sitting by designation in the Eighth Appellate District.