## BAYNES d. b. a. BAYNES CONSTRUCTION CO., Plaintiffs-Appellees, v. McKEE, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2134.   Decided April 9, 1951.

Karas & O'Hara, Dayton, for plaintiffs-appellees.
T. L. Barger, Dayton, for defendant-appellant.

### OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County. The plaintiffs brought an action to recover money alleged to be due them from the defendant on an oral contract whereby the plaintiffs agreed to furnish all the labor and equipment necessary to level off and clear of trees and underbrush certain lands belonging to the defendant. There is no dispute between the parties with respect to the terms of the oral agreement. There is a definite conflict in the evidence with respect to the question whether the plaintiffs substantially performed the contract. The plaintiffs contend that they did substantially perform the contract and that there was due them a certain sum of money

which they sought to recover and that they had perfected a mechanic's lien on the lands which they sought to foreclose.

The defendant denied substantial performance of the contract and claimed damages on the ground that the plaintiffs had failed to perform the contract.

The court rendered judgment in favor of the plaintiff for the balance due on the contract, holding that the plaintiffs had substantially complied with its terms, and ordered the foreclosure of the mechanic's lien. The court also dismissed the answer and cross petition of the defendant.

The evidence presented by the plaintiff showed a substantial compliance. The evidence presented by the defendant strongly supported the defendant's claim that the plaintiff had not completed the work under the terms of the contract. Here was a definite conflict in the evidence and the trial court was required to judge as to the credibility of the witnesses. Apparently the trial court accepted the evidence presented by the plaintiff which amply supported the judgment. The matter of judging the credibility of the witnesses is solely the province of the trial court and not a reviewing court. Consequently, we cannot disturb the judgment on the ground that it is contrary to the weight of the evidence.

In our opinion the nailing on a post at the farm of a copy of the affidavit filed for a mechanic's lien was a sufficient compliance with the provisions of §8315 GC.

The appellant contends that the court erred in allowing the plaintiffs to amend the prayer of the first amended petition after trial by including interest on the amount claimed. The first amended petition sets forth in the body of the petition a claim for interest from June 25, 1947. The praecipe and the summons both show that interest was claimed from June 25, 1947. In our opinion the amendment was permitted under §11363 GC, which provides for amendments before or after judgment in furtherance of justice. This amendment did not change the cause of action as appellant contends. The appellant is not in a position to contend that she was taken by surprise or that the interest was not due. In our opinion the action of the court in amending the prayer to include the interest which was set forth in the body of the petition, together with the praecipe and the summons, did not violate §11305 GC.

We find no assignment of error well made.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.