JACKMAN, APPELLANT, *v.* JACKMAN, APPELLEE.

(No. 8675—Decided July 24, 1959.)

*Mr. Joseph C. Kammer*, for appellant.

MATTHEWS, P. J. This appeal on questions of law is from an order of the Common Pleas Court, dismissing an action for divorce, alimony and custody of children, over the objection and exception of plaintiff. The defendant had been duly served personally with summons within the county, and became in default on June 29, 1959. He has not appeared in the trial court or in this court since. However, there is no doubt that the court has

jurisdiction of both parties to this action. On June 30th, on which day he was in default, the court, on its own motion, journalized the following entry:

"The petition herein is hereby dismissed, without prejudice, by the court at the cost of the plaintiff, for the reason the said petition does not allege that plaintiff has been a bona fide resident of Hamilton County for at least ninety (90) days immediately preceding the filing of the petition herein * * *."

On June 30, 1959, the court also placed upon the journal the following entry:

"The oral motion of plaintiff for authority to amend her petition by interlineation, so as to include the words 'bona fide' before the word 'resident'; the oral motion for authority to file a supplemental petition, so as to include the words 'bona fide' before the word 'resident'; and the oral motion for authority to file an amended petition, so as to include the words 'bona fide' before the word 'resident'; all of said motions having been heard by the court on the 24th day of June, 1959, and all of said motions having been overruled by the court on said date;

"It is ordered that this entry overruling said motions be entered as evidence the orders of this court for the purpose of the record."

We are informed that the court overruled the motion for leave to amend and to file an amended petition, and dismissed the action because of his conclusion that the allegations of the petition as to plaintiff's residence were an insufficient compliance with Section 3105.03, Revised Code, and, therefore, insufficient to confer jurisdiction, and that this defect could not be cured by amendment or otherwise. We quote that part of the petition relating to the residence of the plaintiff:

"Now comes the plaintiff and for her petition says that she has been a resident of the state of Ohio for more than one year, and of the county of Hamilton for more than ninety (90) days, next preceding the filing of this petition * * *."

Turning now to Section 3105.03, Revised Code, we find it is headed "Place where action shall be brought," and provides as follows:

"Except in an action for alimony alone, the plaintiff shall

have been a resident of the state at least one year immediately before filing the petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been a bona fide resident for at least ninety days immediately preceding the filing of the petition, or in the county where the cause of action arose. The Court of Common Pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce occurred, within or without the state."

Jurisdiction is conferred upon the Common Pleas Court to grant divorces for specified causes, including those alleged in this petition, by Section 3105.01, Revised Code, but Section 3105.03, Revised Code, imposes certain conditions to the exercise of that jurisdiction.

A comparison of the allegations of the petition, just quoted, with the provisions of Section 3105.03, Revised Code, discloses that the petition contains no express allegation that the residence of the plaintiff in either the state or county had been bona fide, whereas, Section 3105.03, Revised Code, expressly requires that the residence in the county, but not the state, must be bona fide. So that unless the express allegations import bona fides, the petition is defective, and, unless an amendment is allowed, precludes relief.

It seems to us that the inclusion of the words "bona fide" in the statute inaccurately expresses the thought intended to be conveyed. That the Legislature intended that the residence in the state for one year should be actual, we believe is clear, and we also are of the opinion that the residence within the county for ninety days should be equally real, and not merely in theory, or based on some legal technicality. In other words, the word "resident" is used in its popular sense, and means one who has his place of abode within the state and county.

It will be observed that there is no reference to domicile in either instance, and we can think of no reason for expanding the word "resident" so as to make it synonymous with domiciliary.

In this state it is sufficient to charge a crime in the words of the statute defining the crime. The same rule—certainly, not a stricter rule—should be sufficient by which to test a petition for divorce. So tested, this petition is sufficient without amend-

ment so far as residence in the state is involved, and when we consider residence in the county, the pleader is helped by the presumption of bona fides.

In 27A Corpus Juris Secundum, 415, Section 123 (3), it is stated: ''The filing of a petition for a divorce raises a presumption that petitioner is a bona fide resident of the state; but this presumption may be overcome by proof offered by defendant, whereupon the burden of establishing a bona fide residence shifts to petitioner.''

By Section 2309.29, Revised Code, it is provided that ''neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading * * *.''

There is no requirement in the Ohio statutes that residence or bona fide residence within the state or county must be pleaded. It is true that residence in the state for one year and bona fide residence for ninety days in the county must be established before the court will grant a divorce, but that has nothing to do with the allegations of the petition. In view of the fact that such residence must be proven before a divorce can be granted, we believe that good pleading would require an allegation of residence. However, we are also of opinion that the omission of an allegation of bona fides does not render the petition so deficient as to make it incapable of amendment, or, if unchallenged, would render void a decree.

In *Hart* v. *Hart*, 223 Ark., 376, 265 S. W. (2d), 950, the court held that while there was a presumption of bona fides, the burden of proof was on the plaintiff to prove bona fides, and that the trial court was justified in finding that he had not sustained the burden. However, at page 380 the court said: ''Conceding the appellant's petition for a divorce filed in Arkansas raised a presumption that he was a bona fide resident, this presumption was overcome by proof on appellee's motion and the burden of establishing a bona fide residence thereupon shifted to appellant.''

We are also of the opinion that the court erred in overruling plaintiff's motion for leave to amend and for leave to file an amended petition.

Perhaps, in no other state is there a greater power to permit amendments, either before or after judgment, than in Ohio.

By Section 2309.58, Revised Code, the court "may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or *a mistake in any other respect,* or *by inserting other allegations material to the* case * * *."

But it seems that the trial court was of the opinion that this broad power to permit amendments did not apply to facts which must be established before any relief could be granted—to jurisdictional facts.

We find that where there is an inadequate or defective allegation of residence, the authorities support the power to amend. In 17 American Jurisprudence, 505, Section 348, it is said:

"The complaint in a suit for divorce must contain a proper allegation of residence, since it is essential to confer jurisdiction upon the court to grant a divorce. If there is an entire absence of such an allegation, an amendment cannot be had after *judgment* for the purpose of remedying the defect. If, however, the allegation necessary to jurisdiction is merely defective in some minor particular, the pleading may be amended, especially if the essential facts have already been established by the proof. Thus, under a statute providing that 'any pleading' may be amended for the purpose of 'correcting a mistake in the name of a party, or a mistake in any other respect,' a complaint in a divorce action can be amended so as to correct a clerical error, such as the substitution of the word 'plaintiff' in place of 'defendant' in the allegation, that the 'defendant has been a resident of the state,' etc., though the motion to be allowed to amend is not made until after the entry of a default decree."

Oregon requires that the plaintiff should be an "inhabitant of state for one year." The plainiff alleged that he had been a "resident" for the required time. The question was whether the complaint could be amended to show that he had been an inhabitant as well as a resident. The court sustained this power in the case of *Noble* v. *Noble,* 97 Ore., 497, 190 P., 1061, holding, as stated in the syllabus, that:

"In a husband's suit for divorce, the complaint alleging that he was a 'resident' of the state, though such amendment was unnecessary, the trial court had a right to permit amend-

ment of the complaint by inserting the words 'and an inhabitant' after 'resident' to bring it beyond all doubt within Section 509, L. O. L.''

At page 503, the court said: ''This being the case, the use of the word 'resident' instead of 'inhabitant' did not in any event constitute an entire failure to state a jurisdictional fact, but at the most was merely an imperfect statement of it, and as such was subject to amendment at any time before the final submission of the cause.''

The Supreme Court of Ohio had before it in *State, ex rel. Talaba,* v. *Moreland, Judge,* 132 Ohio St., 71, 5 N. E. (2d), 159, a case in which it applied principles which, it seems to us, are dispositive of this case. The Municipal Court of Alliance was given jurisdiction to hear cases where the amount involved did not exceed $1,000. An action was filed praying for an amount slightly in excess of that amount. Later, the plaintiff was allowed to amend his petition by expressly waiving all in excess of $1,000. He also amended his prayer by limiting it to $1,000. This action was to prohibit the court from hearing the case. It was claimed that as the petition showed the action was for a sum beyond the jurisdiction of the court, it could not be brought within its jurisdiction by amendment. At page 74, the court said: ''But aside from the particular controlling statute here involved, by the great weight of authority it is the general rule that without effecting a substantial change in its nature, a pleading may be amended by the insertion of jurisdictional averments.''

Six judges concurred in the decision; one dissented in an opinion which emphasized the point decided.

For these reasons, we are of the opinion that the petition, properly construed with its legal implications, contains an allegation of bona fides; that, if not, it is not entirely deficient, but contains, at most, an inadequate allegation of the jurisdictional fact, capable of amendment, and as to that the court should exercise his discretion in passing upon the motion to amend or to file an amended petition. We hold that the court erred in overruling the motions for leave to amend and in dismissing the action.

For these reasons, the judgment of dismissal is reversed,

and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

LONG and O'CONNELL, JJ., concur.