FRANKLIN, APPELLANT, *v.*
FRANKLIN, APPELLEE.

(No. 80 C.A. 29—Decided April 9, 1981.)

*Mr. John L. Breckenridge,* for appellant.

*Ms. Ollie T. Franklin, pro se.*

LYNCH, P.J.  Plaintiff-appellant, Arthur Franklin, is appealing the judgment of the Court of Common Pleas, Domestic Relations Division, which sustained defendant-appellee's motion to dismiss this case for lack of jurisdiction to hear plaintiff's complaint for divorce. The court found that plaintiff was not a bona fide resident of the state of Ohio.

On May 2, 1979, plaintiff filed his complaint for divorce in which he alleged that he had become a resident of the state of Ohio and Mahoning County for more than ninety days immediately preceding the filing of the complaint. On September 27, 1979, defendant, Ollie T. Franklin, filed an answer in which she admitted the above allegation of plaintiff as to his residence in Ohio.

At the hearing on subject issue on March 18, 1980, plaintiff testified that he has resided at 353 Truesdale Avenue, Youngstown, Ohio, since October 6, 1978, which was seventeen months prior to the hearing; that he was employed at American Bridge Company, Ambridge, Pennsyl-

vania, and that he commutes to work in his 1970 Cadillac which has Ohio license plates. However, plaintiff's driver's license was issued in Pennsylvania on April 6, 1978 and expired on March 31, 1980, with a listed address of 384 Village Road, Pittsburgh, Pennsylvania. Plaintiff testified that he resided at the Pittsburgh address prior to moving to Youngstown and that he intended to obtain an Ohio driver's license when his present Pennsylvania driver's license expired.

It was stipulated by both parties that plaintiff has resided at 353 Truesdale Avenue, Youngstown, Ohio, for the past eighteen months and that his 1979 W-2 Form showed withholding tax for both the state of Pennsylvania and the state of Ohio. Plaintiff produced a communication from the pension fund of his place of employment dated August 1, 1979 which was addressed to him at 353 Truesdale Avenue, Youngstown, Ohio.

Plaintiff testified that he intended to file an Ohio Income Tax Return and a Youngstown City Income Tax Form for 1979.

Defendant's motion to dismiss for lack of jurisdiction was orally made at the beginning of a hearing that was apparently the trial on the merits of this case.

Plaintiff's assignments of error are as follows:

"1.  The trial court committed prejudicial reversible error in holding that plaintiff-appellant did not meet the residence requirements of the State of Ohio, County of Mahoning, therefore, the court lacked jurisdiction.

"2.  The ruling of the trial court sustaining defendant-appellee's motion that the court lacked jurisdiction is against the manifest weight of the evidence and contrary to law."

The basis of the trial court's dismissal of this case is lack of jurisdiction over the person of plaintiff. Under the facts of this case, Civ. R. 12(B) provides that this defense must be presented to the trial court either in defendant's answer or by a

motion prior to filing such answer. In this case defendant did neither.

Pursuant to Civ. R. 12(H) this defense was waived by defendant for failure to comply with Civ. R. 12. 43 Ohio Jurisprudence 2d 208, Pleading, Section 134. This has been the law of Ohio for a long time. *Glass* v. *McCullough Transfer Co.* (1953), 159 Ohio St. 505 [50 O.O. 425]; *Long* v. *Newhouse* (1897), 57 Ohio St. 348; *Thompson* v. *Steamboat Julius D. Morton* (1853), 2 Ohio St. 26; 22 Ohio Jurisprudence 3d, Courts and Judges, Section 311, at page 479 and Section 312, at pages 481-482.

Residence within the state for the purposes of R.C. 3105.03 must be actual. In other words, the word "resident" is used in the popular sense and means one who has his place of abode within the state. *Jackman* v. *Jackman* (1959), 110 Ohio App. 199, 201 [12 O.O.2d 464].

In a divorce action the question of the residence of the plaintiff is essentially one of his intent and will to be so accepted unless the facts and circumstances are such that the avowed intent cannot be accepted as true. *Winnard* v. *Winnard* (1939), 62 Ohio App. 351 [16 O.O. 51].

A judge, before whom a case is tried without a jury, is the sole judge of the credibility of witnesses, and a reviewing court cannot invade the province of the trier of facts as to the credibility of witnesses. *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, 156 [34 O.O.2d 270]; *Baynes* v. *McKee* (1951), 67 Ohio Law Abs. 95; 56 Ohio Jurisprudence 2d 853-854, Witnesses, Section 416.

In this case, the plaintiff was the only witness to testify so that this case does not present any question of conflict of plaintiff's testimony with the testimony of other witnesses.

In *Sorgen* v. *State* (1930), 36 Ohio App. 281, m.c.o. October 15, 1930, the court, on page 283, stated as follows:

"The law presumes that the witness is relating the truth and not falsehood, and the court or jury has no right to start with the assumption of a suspicion of falsehood, but from the testimony or demeanor of the witness may be ultimately led to that conclusion."

The evidence establishes that plaintiff has resided at 353 Truesdale Avenue, Youngstown, Ohio, since October 6, 1978. However, the trial court raised the question whether plaintiff was a Pennsylvania resident who came to Ohio solely to obtain a divorce because apparently it is easier to obtain a divorce in Ohio than in Pennsylvania and based his decision that plaintiff was not a bona fide resident of the state of Ohio because plaintiff failed to obtain an Ohio driver's license and did not file income tax returns for 1978 in either Pennsylvania or Ohio.

There is no evidence in the record of this case that plaintiff had any other residence since October 6, 1978 other than 353 Truesdale Avenue. The evidence establishes that starting in 1978 he had Ohio Income Tax withheld from his wages at American Bridge Company; that mail from his employer was addressed to him on August 1, 1979 at said Youngstown address and that he had Ohio license plates on his automobile.

Plaintiff had a Pennsylvania driver's license which expired on March 31, 1980. Plaintiff testified that he intended to obtain an Ohio driver's license when his present driver's license expired and to file an Ohio Income Tax Return and a Youngstown City Income Tax Return for 1979. There is no evidence in the record to rebut this testimony of plaintiff.

We find from the uncontroverted evidence in this case that plaintiff was an actual resident of the state of Ohio since October 6, 1978 pursuant to R.C. 3105.03 and Civ. R. 3(B)(9). We further hold that the question whether the plaintiff became such an actual resident, including whether or not he did so to obtain an Ohio divorce, is not by itself determinative whether such plaintiff is a resident of this state although it could be considered as to whether such plaintiff is an actual resident of this state.

For the foregoing reasons we hold that the trial court's judgment sustaining defendant's motion to dismiss this case for lack of personal jurisdiction is both contrary to law and against the manifest weight of the evidence. Therefore, we sustain both of plaintiff's assignments of error.

The judgment is reversed and the case remanded for further proceedings in accordance with law.

*Judgment reversed and case remanded.*

O'NEILL and DONOFRIO, JJ., concur.