OPINION
This is an appeal from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, awarding permanent custody of Christian Seaman to the Montgomery County Children Services Board ("MCCSB"). Appellant Kimberly Jester, Christian's mother, argues that the trial court lacked jurisdiction to make an award of permanent custody, because MCCSB failed to properly serve her with the complaint and summons.
We conclude that Jester, through her counsel, waived personal jurisdiction. Accordingly, the judgment of the trial court is Affirmed.
 I
On February 8, 2000, MCCSB filed a complaint alleging that Christian Seaman was an abused, neglected and dependent child.[1] In the complaint, MCCSB sought permanent custody of Christian based upon its allegation that, as a result of Jester's use of heroin during her pregnancy, the child was born with a drug dependency, as well as two types of hepatitis.
Summons for Jester was issued with her address listed as 34 Pulaski Street, Dayton, Ohio. Return of service was made showing that residential service was completed on March 9, 2000, by leaving it with an individual named Oliver Heard. The summons contained notice that an adjudicatory and dispositional hearing would be held on March 20, 2000.
The child's Guardian Ad Litem and representatives of MCCSB appeared for the March 20 hearing. However, neither Jester or the child's father appeared.[2] Prior to the start of the hearing, Jester's court-appointed attorney informed the magistrate that she did not know why Jester was absent, and requested a continuance. The magistrate denied the request, and the matter proceeded to hearing.
Following the hearing, the magistrate issued a decision in which he found that, among other things, Jester had failed to visit with the child since his birth and had failed to complete any portion of her case plan, which included a drug and alcohol assessment. The magistrate recommended that permanent custody be awarded to MCCSB.
Jester filed objections to the magistrate's decision. However, the trial court overruled all of her objections and adopted the decision of the magistrate. From the judgment of the trial court, Jester appeals.
 II
Jester's sole assignment of error is as follows:
 THE TRIAL COURT LACKED JURISDICTION TO TAKE PERMANENT CUSTODY BECAUSE THE PARENT, KIMBERLY JESTER, WAS NOT SERVED WITH THE COMPLAINT AND SUMMONS IN ACCORDANCE WITH R.C. 2151.29.
Jester contends that the decision of the trial court should be reversed because the court lacked personal jurisdiction. In support, she argues that the record shows that she was not properly served with summons.
A court obtains personal jurisdiction over a defendant by service of process, or by the defendant's voluntary appearance or actions. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. However, personal jurisdiction may be waived if the issue is not properly raised. Civ.R. 12(B) and (H); see also Franklin v. Franklin (1981), 5 Ohio App.3d 74, 76.
In this case, we need not determine whether Jester was properly served with summons in this case because she failed to raise any objections to the magistrate's exercise of personal jurisdiction. As previously noted, Jester's counsel was present at the March 20 hearing. Her attorney did not raise any objection regarding the trial court's alleged lack of personal jurisdiction over Jester either prior to or during the hearing. Moreover, the issue of personal jurisdiction was not raised in Jester's objections to the magistrate's decision. Therefore, Jester waived personal jurisdiction.
Jester also urges us to review this case under the plain error standard. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
As stated above, counsel appeared on behalf of Jester at the hearing. Jester contends that although this attorney was appointed to represent her during the pendency of one of the prior complaints, the attorney was not properly appointed or authorized to represent her during the pendency of this case.
The record before us is devoid of anything to indicate that the attorney who appeared on Jester's behalf lacked authority to represent Jester's interests at the hearing or that counsel acted outside the scope of her authority by failing to assert a lack of personal jurisdiction. The presumption of regularity in trial proceedings means that error is never presumed, but must be demonstrated from the record. We see an opportunity for mischief if a litigant were able to require, on appeal, that the record affirmatively demonstrate that an attorney who appeared and purported to represent her at the trial, had actual authority to do so. In the absence of any evidence to the contrary, we presume that the attorney who appeared in the trial court and purported to be representing Jester properly appeared on her behalf and that counsel, for whatever reason, chose not to raise any objection to the alleged lack of personal jurisdiction.
Jester contends that the trial court's having proceeded to judgment without first having obtained proper service upon her constitutes plain error. Plain error is only to be found in the exceptional case where there has been an error that must be corrected to prevent a manifest miscarriage of justice. It should only be found where the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings." Reichert v. Ingersoll (1985),18 Ohio St.3d 220, at 223, quoting from Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 209.
There are any number of reasons that come to mind why a litigant may choose to waive a lack of personal jurisdiction because of a defect in service. Three that come to mind are: (1) a belief that adverse parties are not as well prepared to litigate as they might be at a later time; (2) a belief that the forum is more congenial than some other forum that might ultimately hear the matter if it were dismissed for lack of personal jurisdiction; or (3) a desire to get the matter resolved and over with.
If we were to hold that it is plain error for a trial court to proceed to judgment despite a defect in service to which no objection has been made, that holding would not, in our view, prevent manifest miscarriages of justice, but, to the contrary, would often result in manifest miscarriages of justice. A litigant, noting some defect in service upon herself, could appear for trial and roll the dice. If successful, the litigant would have no reason to assert the defect in service, and other litigants would have no standing to do so. If unsuccessful, the litigant could obtain the reversal of the adverse judgment, and try the issue again another day. In our view, this would be a miscarriage of justice. Therefore, we decline to find plain error.
We conclude that Jester waived personal jurisdiction, and that her claim of plain error is not supported by the record. Accordingly, the assignment of error is overruled.
 III
Jester's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 ___________ FAIN, J.
BROGAN and YOUNG, JJ., concur.
[1] This complaint is the fourth filed in this case. All of the previous complaints, which alleged the same predicate facts, were dismissed without prejudice because they were not adjudicated within sixty days.
[2] The father, whose attorney appeared at the hearing, is not a party to this appeal.