DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment that overruled a Civ.R. 60(B) motion filed by Brenda L. King, defendant below and appellant herein. Appellant's brief does not contain assignments of error, as required by App.R. 16(A)(3). Appellant does, however, claim that the following issues are involved in this appeal:
 I. "WHETHER THE TRIAL COURT ERRED BY EXERCISING JURISDICTION IN THIS CASE."
 II. "IN THE ALTERNATIVE, WHETHER THE TRIAL COURT ERRED BY CONTINUING TO EXERCISE JURISDICTION AFTER APPELLEE'S DEATH."
 III. "IN THE FURTHER ALTERNATIVE, IN THE EVENT THAT THE TRIAL COURT CONTINUED TO HAVE JURISDICTION FOLLOWING THE DEATH OF APPELLEE, WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
This case is yet another installment in the King divorce saga. A brief summary of the proceedings thus far, as well as an overview of the facts pertinent to this particular appeal, is as follows.
Appellant and William G. King were married in Kentucky on August 1, 1988. No children were born as issue of that marriage.
On September 11, 1996, William King commenced the action below and sought a divorce on grounds of gross neglect of duty, extreme cruelty and incompatibility. He asked that their assets be divided and that responsibility for their debts be allocated between them.
Appellant denied her husband's allegations and counterclaimed for divorce on identical grounds. She, too, sought an equitable division of assets and, in addition, asked for a portion of his monthly "retirement check."
The matter came on for several hearings over the next year and a half until, on May 19, 1998, a magistrate recommended that the couple be granted a divorce on grounds of incompatibility. The magistrate also made a number of recommendations concerning the property division. For our purposes, however, we need only be concerned with a farm situated in Adams and Highland Counties. This farm was purchased during the marriage, but was recorded under appellant's name only. The magistrate recommended that appellant be awarded the property but, in order to compensate her husband for "equity built up" therein, appellant would be required to pay $47,250 plus eight percent (8%) interest from the date of the decision. In order to secure that obligation, the appellant must execute a mortgage to her husband in that amount.
The trial court approved and adopted the magistrate's decision pending any future objections. Several days later, appellant objected and argued that the evidence did not support a finding that her husband had a $47,250 interest in the farm. On July 20, 1998, the trial court overruled appellant's objection and adopted the magistrate's decision as its own.
Appellant then filed her first appeal and sought a review of that judgment. During the pendency of that appeal, William King passed away and the executrix of his estate was substituted as a party.[1] On June 9, 1999, we dismissed this appeal for lack of a final appealable order.See King v. King (Jun. 9, 1999), Adams App. No. 98CA668, unreported (KingI). In so doing, we held that the trial court's July 20, 1998 entry did not constitute a proper judgment under Civ.R. 54(A). We noted that the judgment simply included the magistrate's decision without the trial court making its own determination of the rights of the parties.
The matter returned to the trial court and, on August 13, 1999, the court issued a nunc pro tunc judgment that reaffirmed that the parties were divorced and, inter alia, ordered that appellant retained ownership of the "Adams-Highland County property" but must pay her husband $47,250 plus eight percent (8%) interest. The trial court further ordered appellant to execute a mortgage within thirty days in order to secure the debt.
Appellant filed her second appeal from that judgment and, on March 20, 2000, we sustained one of her assignments of error and reversed the trial court's judgment. See King v. King (Mar. 20, 2000), Adams App. No. 99CA680, unreported (King II). We remanded the matter in order to determine the farm's value and to determine whether the farm is marital or separate property. Furthermore, we noted that the trial court must issue written findings to support its ruling so that we could conduct an appropriate review of the judgment.
On remand, the trial court asked the parties to submit proposed findings of fact and conclusions of law. On June 28, 2000, the magistrate filed his decision and found, inter alia, that the farm is marital property and is worth $250,000. The magistrate again recommended that appellant keep the property and pay her ex-husband $47,250 for his interest therein.[2] The trial court, on July 3, 2000, adopted the magistrate's decision. Several days later, appellant objected to the magistrate's decision. Appellant made no specific argument against the magistrate's findings or recommendations other than to say they were "arbitrary and capricious." Subsequently, the trial court overruled appellant's objections because they did not state, with particularity, the reasons for the objection. No appeal was taken from that judgment.
On September 11, 2000, R. Joyce King, the executrix of the estate of William G. King, the substituted plaintiff below and appellee herein, filed a motion to alert the court that appellant had not complied with the order to pay the estate for her ex-husband's marital interest in the property and that appellant had not given a mortgage on the property to secure that obligation. Appellee asked that appellant show cause why she should not be held in contempt and that a judgment be filed in both the Adams and Highland County Recorder's offices to show that appellee had an interest in the subject property. The court, on January 17, 2001, ordered appellant to execute and to deliver a mortgage to appellee's counsel in the amount of $47,250 with interest at the rate of ten percent (10%) per annum running from July 3, 2000. Appellant filed her third appeal from that judgment, but later, voluntarily dismissed the matter. See King v.King (Jun. 22, 2001), Adams App. No. 01CA708, unreported (King III).
In the meantime, appellant refused to comply with the trial court's order.[3] The matter came on for hearing on February 12, 2001. The trial court found appellant in contempt and sentenced her to ten days in jail with the proviso that she could purge herself of that contempt by obeying the court's order. Appellant refused and, consequently, spent ten days confined in the Adams county jail. The trial court then prepared an entry to be filed with the Highland and Adams County Recorder's offices that granted appellee a mortgage interest in the property in the amount of $47,250 plus interest at the rate of ten percent (10%) per annum from July 3, 2000.[4]
The proceedings that gave rise to the current appeal began on July 24, 2001 when appellant filed a motion for relief from the judgments of July 3, 2000, July 24, 2000, January 17, 2001, and February 16, 2001. Appellant argued that she was entitled to relief for a wide variety of reasons including (1) the trial court did not properly adopt the magistrate's decisions, (2) the trial court did not acquire jurisdiction over this case because William King was not a resident of Ohio when he filed for divorce and (3) the divorce action "abated" when William King died, thereby requiring that the case be dismissed. The trial court, on July 31, 2001, found appellant's motion "not well taken" and overruled her request for relief from judgment. This appeal followed.
 I
We note at the outset that our review of this case has been considerably hampered by the fact that appellant did not posit any "assignments of error" for review. The Ohio Rules of Appellate Procedure state that an appeal is to be decided "on its merits on the assignmentsof error set forth in the briefs under App.R. 16." (Emphasis added.) App.R. 12(A)(1)(b). Obviously, if there are no assignments of error, there is nothing to review. Thus, we would be justified in summarily affirming the trial court's judgment. See City Loan Financial Services v. Koon
(Sep. 3, 1996), Hocking App. No. 95CA8, unreported. Nevertheless, in the interests of justice we will treat the issues set out in the brief's "statement of issues" as appellant's assignments of error.[5]
 II
Appellant argues in her first "assignment of error" that the trial court erred by exercising jurisdiction in this case. The gist of her argument appears to be that her ex-husband was not a resident of Ohio at the time he filed the divorce action. Thus, appellant concludes, the trial court lacked jurisdiction to enter any judgment against her and all trial court judgments are void. We find no merit in this argument.[6]
R.C. 3105.03 states that the plaintiff in a divorce action must be an Ohio resident for at least six months immediately before filing the complaint. This requirement is jurisdictional and, if a plaintiff does not satisfy the six month residency requirement, the trial court has no jurisdiction to grant a divorce and any decree is absolutely void. SeeMcMaken v. McMaken (1994), 96 Ohio App.3d 402, 405, 645 N.E.2d 113, 115;Hager v. Hager (1992), 79 Ohio App.3d 239, 243, 607 N.E.2d 63, 66; alsosee Nain v. Nain (Aug. 3, 1994), Lorain App. No. 93CA5669, unreported.
After our review of the record in the case sub judice, we believe that William King satisfied this requirement.
To begin, William King alleged in his complaint that he was a resident of Adams County more than a year immediately preceding the filing of his complaint. A rebuttable presumption then arises that William King satisfied the residency requirements. See Rijo v. Rijo (Feb. 1, 1995), Hamilton App. No. C-930704, unreported; also see Jackman v. Jackman
(1959), 110 Ohio App. 199, 202, 160 N.E.2d 387, 390. Moreover, at the May 22, 1997 hearing, William King testified:
 "Q. At the time you started this action you lived in Adams County, did you not?
A. Yes.
Q. And you've been in here for more than six months:
A. Yes."
Appellant cites to nothing in the record to refute this testimony and we have found nothing in our own review.[7] Appellant does cite to William King's testimony at a subsequent hearing wherein he informed the court that he then resided with his sister in Kentucky. However, this testimony was adduced at a January 28, 1998 hearing and had nothing to do with King's residency at the time he filed the 1996 divorce complaint.
Although neither the magistrate nor the trial court specifically found that appellant satisfied the residency requirement, they obviously concluded that William King met the R.C. 3105.03 requirement. King's complaint raised a rebuttable presumption that he met the residency requirement and his testimony at trial further buttressed that presumption. We note that the trier of fact was the sole judge of credibility on this issue and a reviewing court will not invade that province. See Heath v. Heath (Mar. 7, 1997), Lucas App. No. L-96-288, unreported.
For all these reasons, we find no merit in appellant's first "assignment of error" and it is, accordingly, overruled.
 III
Appellant argues in her second "assignment of error" that even if the trial court properly exercised jurisdiction over this case when it began, the court nevertheless lost that jurisdiction when her ex-husband died. We disagree.[8]
The provisions of R.C. 2311.21 generally provide that no action or proceeding pending in any court shall abate by the death of a party except for actions for libel, slander, malicious prosecution, nuisance or against a judge of a county court for misconduct of office. While divorce actions are not explicitly denoted in this statute, when one or both parties to a divorce case dies before the final decree, the action abates (because circumstances have achieved the primary objective sought). Stateex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 99, 671 N.E.2d 236,239; Porter v. Lerch (1934), 129 Ohio St. 47, 56, 193 N.E. 766, 770.
 The Ohio Supreme Court has carved out an exception to this general rule of abatement, however, and held that a divorce action is not abated by a party's death when that death occurs after a decision is rendered but before it is journalized. State ex rel. Litty, supra at 99, 671 N.E.2d at 239; Caprita v. Caprita (1945), 145 Ohio St. 5, 60 N.E.2d 483 at paragraph three of the syllabus. Under such circumstances, the decree may be journalized by nunc pro tunc entry. See Caprita, supra at paragraph four of the syllabus. The Court's reasoned that when a party to an action dies after a trial and determination of the issues, the interests of justice require that trial courts continue to possess jurisdiction to enter judgment nunc pro tunc. Id. at 7, 60 N.E.2d at 484, citing in part In re Estate of Jarrett (1884), 42 Ohio St. 199 at the syllabus.
The pivotal issue when applying this rule is the party's actual date of death. The exception to abatement does not apply when the decedent died prior to trial and to the adjudication of the issues. See Driggers v.Driggers (1996), 115 Ohio App.3d 229, 233, 685 N.E.2d 252, 254; Diemerv. Diemer (1994), 99 Ohio App.3d 54, 62, 649 N.E.2d 1285; Gregg v.Gregg (Aug. 13, 2001), Clermont App. No. CA2001-01-010, unreported;Ramminger v. Ramminger (Jun. 11, 2001), Butler App. No. CA2000-07-132, unreported. We note that William King's precise date of death is not clear from the record. It is clear, however, that his death occurred sometime during the pendency of the appeal in King I.[9] By that time, the trial court had adjudicated the pertinent issues. Although we dismissed King I for lack of a final appealable order, our dismissal does not change the fact that the trial court's decision had already been made (albeit not properly journalized). Thus, the trial court possessed jurisdiction, and we find no merit to appellant's argument.
Accordingly, her second "assignment of error" is therefore without merit and is overruled.
 IV
Appellant argues in her "third assignment of error" that the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment. Again, we disagree.
In order to prevail on a Civ.R. 60(B) motion, a movant must establish (1) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); (2) the existence of a meritorious claim or defense to present if relief is granted; and (3) that the motion is made within a reasonable time which, for those grounds set forth in Civ.R. 60(B)(1)-(3), means not more than one year after judgment. See State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134,1136; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648,651; GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. A failure to establish any of these criteria will cause the motion to be overruled. See Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914, 915; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566.
Appellant argued in her motion before the trial court, and on appeal, that she is entitled to relief under Civ.R. 60(B) (4).[10]
Specifically, she contends that the trial court's July 3rd and July 24th, 2000 judgments did not constitute final orders and that the court's subsequent judgments (January 17th and February 16th, 2001) should be vacated pursuant to Civ.R. 60(B)(4). Appellant's argument appears to rest on a hypertechnical reading of Civ.R. 53(E)(4) (c) which states as follows:
 "Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days." (Emphasis added.)
After the King II remand, the magistrate filed his decision on June 28, 2000. The trial court entered its judgment on July 3, 2000, and adopted the magistrate's decision and findings. Under Civ.R. 53(E)(4)(c), this was an interim order pending any written objections. Appellant filed her objections on July 13, 2000. The trial court overruled those objections on July 24, 2000. Appellant's argument, as best we can understand it, is that the trial court's July 24, 2000 entry, which overruled appellant's objections, was deficient because it only disposed of the objections and did not expressly state that the trial court adhered to its July 3, 2000 judgment. Because of this alleged deficiency, appellant continues, the July 24, 2000 judgment was never final and all subsequent judgments should be vacated. We find this argument unavailing for a number of reasons.
First, we note that the provisions of Civ.R. 53(E)(4)(c) assume that the objections to the magistrate's decision are timely. In order to be considered timely, those objections must be filed within fourteen days of the magistrate's decision. Id. at (E)(3) (a). In the instant case, the magistrate filed his decision on June 28, 2000. Appellant filed her objections on July 13, 2000. Appellant's objections fell one day out of rule. Thus, there was no stay of the trial court's interim order that adopted that decision and its judgment became final and appealable.[11]
Second, as the trial court aptly noted below, appellant's written objections fell short of proper objections for purposes of Civ.R. 53. The rule requires that written objections be "specific and state with particularity the grounds of the objection." Id. at (E)(3)(b). General objections are insufficient and do not preserve an issue for judicial consideration. See Staff Note, July 1, 1995 Amendment to Civ.R. 53; alsosee Youngstown Metro. Housing Auth. v. Scott (Jun. 26, 2001), Mahoning App. No. 99CA238, unreported; Michaels v. Michaels (Mar. 25, 1998), Lorain App. No. 97CA6720, unreported. Appellant's July 13, 2000 objections asserted only that she thought that the magistrate's decision was "arbitrary and capricious." Appellant provided no further explanation nor did appellant cite and argue that any of the numerous findings of fact and conclusions of law were erroneous. In short, we agree with the trial court that these objections were insufficient to prevent the trial court's interim order from becoming final.
Finally, we disagree with the premise underlying appellant's argument. Civ.R. 53(E)(4)(c) states that a trial court must rule on objections and vacate, modify or adhere to the judgment previously rendered. We find nothing in this rule to require a court to explicitly state, in its ruling, that the court is "adhering" to its previous interim order. We believe that this position can be inferred from the very act of overruling the objections themselves. This is particularly true when, as in the case sub judice, the objections are determined to be insufficient under the rules and the trial court's interim order is explicit in regards to the rights of each of the parties and the final remedy. We point out that in the case sub judice neither side demonstrated any confusion over the trial court's ruling. Both parties interpreted the July 24, 2000 order as adhering to the July 3rd interim order. In the end, assuming that this issue was properly before us, we hold that the trial court sufficiently complied with Civ.R. 53(E)(4)(c).
Appellant bases her argument, in part, on Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 736 N.E.2d 101, wherein our colleagues on the Ninth District Court of Appeals held that a trial court's judgment that overruled objections to a magistrate report, without stating what relief was granted to the parties, did not constitute a final appealable order. In Harkai, however, the trial court did not issue an interim order that adopted the magistrate's report and awarded a remedy to the appropriate parties. Id. at 221,736 N.E.2d at 108. In the case sub judice, however, the trial court filed an extensive (interim) judgment which not only adopted the magistrate's decision, but also set out its own findings of fact and conclusions of law. Moreover, insofar as the division of property was concerned, the trial court expressly stated that appellant would retain the farm property and pay her ex-husband $47,250 for his interest. This judgment clearly stated what relief the court granted. Thus, the July 24th judgment (that overruled appellant's objections) established that the court adhered to its previous ruling.
Finally, we note that a motion for relief from judgment is committed to the sound discretion of the trial court. See State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1238; Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123-1124; Moore v.Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66, 479 N.E.2d 879,882. An abuse of discretion is described as being more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140, 1142; Malone v. Courtyard byMarriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242, 1249;State ex rel. Solomon v. Police Firemen's Disability Pension FundBd. of Trustees (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486, 488. When a reviewing court applies the abuse of discretion standard, courts are admonished that they must not substitute their judgment for that of the trial court. See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 732, 654 N.E.2d 1254, 1258; In re Jane Doe 1 (1991).57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, 1184; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308. Indeed, in order to show an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1, 3. In the instant case we find, in view of the foregoing discussion, that the trial court committed no abuse of discretion. Accordingly, we find her third "assignment of error" to be without merit and the same is overruled.[12]
Having considered all discernable issues raised and argued by appellant in her brief, and finding merit in none of them, we hereby affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] William King's precise date of death is unclear in the record.
[2] The magistrate found that William King actually had a marital interest in the property worth $56,200, but that certain debts and other expenditures should be deducted from that amount, thus giving him a final interest of $47,250.
[3] Appellant did not seek a stay of execution on that order.
[4] Although the specifics are not entirely clear, the record suggests that appellant had already sold the property to someone else by this time.
[5] We further note that the issues set forth in appellant's "statement of issues" do not directly coincide with the sub-headings in her argument.
[6] We parenthetically note that this issue was not raised in King I orKing II and is being raised now, for the first time, in this appeal. Because this is a jurisdictional question, however, it cannot be waived,Weathersfield Twp. v. Trumbull Cty. Budget Comm. (1992), 69 Ohio St.3d 394,395, 632 N.E.2d 1281, 1282; Painesville v. Lake County Budget Comm. (1978), 56 Ohio St.2d 282, 284, 383 N.E.2d 896, 898, and can be raised at any stage of the proceedings. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, 358 N.E.2d 536, 537; Jenkins v. Keller, Admr. (1966), 6 Ohio St.2d 122, 216 N.E.2d 379, at paragraph five of the syllabus.
[7] Indeed, appellant even stipulated at the hearing to the trial court's jurisdiction to hear the divorce. However, because parties cannot stipulate to subject matter jurisdiction, Durgans v. Durgans (Feb. 9, 2001), Portage App. No. 2000-P-26, unreported; Weightman v. Weightman
(May 13, 1999), Franklin App. No. 98AP-1021, unreported, we do not rely on that fact in our judgment.
[8] We again note, that appellant did not raise this issue in King I orKing II. Appellant raises this issue for the first time in this appeal.
[9] Appellant states in her brief that her ex-husband died in September of 1998. We note that her notice of appeal in King I was filed on August 18, 1998.
[10] The provisions of Civ.R. 60(B)(4) allow for a court to relieve a party from a judgment if that judgment is, inter alia, based on a prior judgment that has been reversed or vacated.
[11] We acknowledge that the trial court did not dispose of the objections for this reason. The fact remains that appellant was out of rule and, thus, did not stay the operation of the July 3, 2000 interim order.
[12] Appellant has also argued, both below and on appeal, that the trial court's judgments should be vacated as void. We acknowledge that the authority to vacate a void judgment is an inherent power possessed by Ohio courts. See Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, at paragraph four of the syllabus. Thus, litigants need not resort to the provisions of Civ.R. 60(B) to vacate a void judgment. See Hoffman v. NewLife Fitness Centers, Inc. (1996), 116 Ohio App.3d 737, 739, 689 N.E.2d 84,86; Falk v. Wachs (1996), 116 Ohio App.3d 716, 721, 689 N.E.2d 71, 74;Ransome v. Lampman (1995), 103 Ohio App.3d 8, 15, 658 N.E.2d 313, 318. As we noted above, however, appellant has not persuaded us that any of the trial court's judgments are void. Thus, no reason exists to vacate the judgment(s) on this ground.