WINNARD, APPELLEE, *v.* WINNARD, APPELLANT.

(Decided November 8, 1939.)

*Mr. R. E. Lamm* and *Mr. W. B. McLeskey,* for appellee.

*Messrs. Schanfarber & Schanfarber* and *Mr. Horace S. Kerr,* for appellant.

HORNBECK, P. J. This is an appeal on questions of law from a decree of divorce granted plaintiff from the defendant.

Plaintiff in his petition sets up a state of facts upon which he prays a decree of divorce. The defendant filed an answer and cross-petition for alimony on the ground of gross neglect of duty. It is said in the

briefs that plaintiff filed a reply but we do not find it in the transcript of pleadings, docket and journal entries.

The gravamen of plaintiff's charge against the defendant is that although he was able and willing to provide defendant with a suitable home she persisted against his expressed desire to work during all of their married life until the divorce action was instituted; that by reason of the demands of business upon the defendant, worries incident thereto and time expended thereon she became irritable, unpleasant and quarrelsome and failed in her duty to make a home for the plaintiff. This was denied by defendant and it was urged that it was necessary that she work as she did to enable the parties to meet their financial obligations. Upon trial had a decree of divorce was granted to the plaintiff on the ground of gross neglect of duty. A property award was made to the defendant in the sum of $12,000. Certain moneys were ordered set over to the defendant, certain personal property awarded to her and a plan set up whereby the balance of the award, which was substantial, should be paid to the defendant out of future earnings of the plaintiff and he was required to take out a life insurance policy in the sum of $5000 to assure the payment of this balance.

The assignments of error, which are numbered eight, raise questions which may be incorporated under four headings, namely:

1. That the court erred in finding that the plaintiff at the time of his institution of his action for divorce was a resident of Franklin county, Ohio.

2. That plaintiff failed to establish any proof which would authorize the granting of a decree of divorce to him upon any ground set forth in the Code.

3. That the plaintiff was not corroborated in elements of his case which were material to the granting of a decree.

4. That the plaintiff by conduct had condoned the cause of action, if any, set up in the petition.

The record in this case is voluminous, consisting of almost 500 pages of testimony together with extended exhibits mostly in the nature of correspondence between the parties. Counsel have briefed the question presented at length and effectively.

It would serve no good purpose to write an extended opinion. We first consider the question of the residence of the plaintiff. Upon the record it is a very close question indeed if plaintiff established his residence as that of Franklin county. Many effective probative circumstances indicate a purpose on his part to remove permanently from Franklin county. The insurance company by which plaintiff was employed had transferred him from Columbus to the home office in Philadelphia. At the time he was a member of the village commission of Upper Arlington and in tendering his resignation he stated it was made "owing to his removal from the village." A farewell party was given in his honor which was attended by a large number of co-workers, friends and well-wishers. It was the subject of speeches and remarks that the Winnards were removing from Columbus to Philadelphia. They planned to sell their home. He applied for and was issued a license for his automobile in Philadelphia. Against this formidable array of facts the plaintiff insists that at all times it was his intention to retain his residence in Franklin county. He did not at any time vote in Philadelphia. Occasionally he returned to Columbus, staying on these occasions either at his own home, with his parents, or, in one instance, at a hotel. He had some, although very few, personal effects in a room at the home of his parents and carried a key to this residence.

It is difficult to phrase language describing one's leaving of his place of abode, which, in itself, is conclusive of a purpose to change residence. Thus, we

speak of an individual moving from a certain town to another place, leaving the city, etc., in which situation a change of residence or otherwise would not be inconsistent with such statements. The matter of residence is so essentially one of intent that one is permitted to determine where his residence is and it will be so accepted unless the facts and circumstances are so persuasive as that his avowed purpose cannot be accepted as true. We do not find that the trial judge committed prejudicial error in resolving the disputed facts in favor of the plaintiff's claim as to his residence.

The second and the principal question presented by this record relates to the cause of action and the proof in support thereof.

As briefly as possible we give consideration to the marital status of the parties. At the outset it may be said that they were good citizens. Nothing detrimental to the good reputation of either is found in the testimony. Both were actuated by a high purpose and worked diligently, continuously and effectively to better their condition and to advance in business and social relations.

The charge in this case is unusual. We have not found a counterpart in the cases. We readily grant that gross neglect of duty or extreme cruelty might be grounded upon the persistence of a wife in working, thereby absenting herself from her home and denying to her husband that companionship and consideration which are requisite to the proper marital relationship, provided always that the husband had ample means to make it unnecessary for the wife to work and provided further that in doing so she acted against his expressed will. It is the result rather than the cause which constitutes the objectionable conduct.

Although we have had some doubt upon the question whether the petition states a cause of action, we have

concluded that it does and the more serious problem is whether proof of the cause of action has been made.

In the case of *Radcliff* v. *Radcliff*, 15 C. C., 284, 8 C. D., 278, the plaintiff averred that the wife was guilty of gross neglect of duty against him in that, ''ever since the 17th day of April, 1894, she has wholly failed, refused and neglected to perform any of her marital duties, and on that day left his home and has ever since refused to cohabit with him,'' and that ''there was no just cause of provocation for leaving him, and that she did so without his consent and against his will.'' The court held that the petition did not contain facts sufficient to constitute a ground for divorce, that the facts only made the basis for wilful absence and that it had not continued for the requisite statutory period. It will be noted that in this petition there was an allegation that the defendant had wholly failed, refused and neglected to perform any of her marital duties. This holding, no doubt, is not in harmony with the trend of decisions in divorce cases.

In the instant case several outstanding facts may be stressed. First, it appears to the court that up until the time the plaintiff was promoted and transferred to his position in Philadelphia it cannot be said that it was not expedient for defendant to work and, if not absolutely necessary, at least, most helpful to the maintenance of the financial stability of the partnership. Second, the inconvenience which resulted to the plaintiff covered only comparatively small periods of time. His employment required him to travel and he would return over the week end only, generally on Saturday. Third, prior to plaintiff's appointment to the Philadelphia office, there is not to be found in the record any definite expression on his part that the employment of the defendant was obnoxious to him and that

the defendant remained in employ against his will. This, in our judgment, is essential to the sustaining of the cause of action set up in the petition. Even after the plaintiff had removed to Philadelphia there is nothing in the correspondence between the parties that enables this court to say that the plaintiff was objecting to and remonstrating against the continued employment of the defendant.

No serious rift between the parties appears before the purchase of the lot in Upper Arlington and the erection of a residence thereon. This venture required the expenditure of about $15,000 in the building and lot and a considerable sum for furnishings. After the down payment on this property there remained an indebtedness which was secured by a first and second mortgage. It is our judgment that at no time prior to the transfer of plaintiff to Philadelphia was he able alone to meet the financial demands incident to the payment of the indebtedness on his home together with the other expenditures incident to the upkeep of that home and the maintenance of himself and his wife. This being true, we cannot support the finding of gross neglect of duty against the defendant because she persisted in earning money, some of which was applied to reduce the general indebtedness.

After the plaintiff had been promoted he moved to Philadelphia. He admits that it was understood that defendant was to remain in Columbus until the property was sold. We doubt if the failure of the defendant to give up her employment solely for the purpose of staying at the home and thereby expediting its sale was, under the circumstances, the cause of plaintiff's aversion to continuing to live with the defendant. Nor does the record as a whole permit of the conclusion that plaintiff's final antipathy toward the defendant was produced by her insistence on remaining in her employment.

We can accept the conclusion of the plaintiff that defendant had become irritable and possibly by her conduct, which plaintiff designated as ''nagging,'' had brought about an intolerable situation in the mind of the plaintiff. No court can or would attempt to compel the parties to live together if they were so incompatible that they could not longer dwell in harmony, but incompatibility is not a ground for divorce in Ohio. The attitude and disposition of the defendant of which plaintiff complains may have been the result of her physical state. Her petulance and irascibility are manifest in the record but this may be the aftermath of ill health and nervous strain, incident to her domestic trouble, from which it is obvious she is suffering.

Without more it is our opinion that the plaintiff has completely failed to establish a ground of action for divorce against the defendant.

The next question relates to corroboration. It is not necessary to consider this. If the testimony of the plaintiff supported his basic claim against the defendant we could find some corroborating testimony and circumstances. As he fails under his own testimony, which is essential to most of the elements of his claim, the question of corroboration requires no further attention.

Finally, we consider the defense of condonation. Upon a strict interpretation of the weight of authority it holds that condonation is an affirmative defense. If it had been pleaded, it clearly appears because on one or more occasions after the plaintiff had removed to Philadelphia his wife visited him at his room, stayed with him over night and slept in the same bed. Nothing which the defendant thereafter did could have renewed the original cause of action upon which plaintiff grounded his petition.

We find that the court prejudicially erred in grant-

ing a decree of divorce to the plaintiff for the reason that the evidence was insufficient to support the decree.

*Judgment reversed.*

BARNES and GEIGER, JJ. concur.