REDROW, APPELLEE, *v.* REDROW, APPELLANT.

(No. 211—Decided October 23, 1952.)

*Messrs. Walker & Bradford,* for appellee.
*Messrs. Nichols, Speidel & Nichols,* for appellant.

Matthews, J. This is an appeal from a judgment granting a divorce to the defendant, appellant herein, and awarding custody of the two-year-old son of the parties for nine months of the year to the defendant and for the other three months to the plaintiff, appellee herein, and ordering the plaintiff to pay $12 per week to the defendant for the care and support of the child while she has his custody.

The defendant urges that two errors affirmatively appear on this record. The errors urged are, first, that the court lacked jurisdiction to decree a divorce to either party because of absence of residence by plaintiff for a period of 90 days, as required by Section 8003-3, General Code; and, second, that the awarding of the custody of the child to the plaintiff is manifestly against the weight of the evidence and contrary to the best interest of the child, as shown by the evidence. We find it necessary to consider only the first assignment of error.

The plaintiff and defendant were married in Williamsburg, Clermont county, Ohio, on September 4, 1949. The record is confusing as to where the parties had resided prior to their marriage. It is clear that they resided for some time in Williamsburg and that the plaintiff voted there on November 2, 1948. The plaintiff has not voted since then but testified that he contemplated voting in Williamsburg at the 1952 election.

After their marriage, the plaintiff, and defendant with her two children, lived in Williamsburg in one room which, prior to the marriage, had been occupied by the defendant and her two children. They continued to occupy this room until they moved to Cincinnati, Hamilton county, Ohio, on July 1, 1950. The reasons assigned for the change were the inadequacy of living quarters at Williamsburg and the fact that

the new location was much nearer the plaintiff's place of employment.

After their removal to Cincinnati, the only tie that bound the plaintiff to Clermont county was the fact that his mother and stepfather lived there. He visited them from time to time on week ends. He rented an apartment in Cincinnati, paid the rent, provided a telephone therein in his name, installed his wife and her two children and lived with them there. His son was born there. He went from there to his place of employment in the morning and returned there at night from July 1, 1950, to not earlier than July 25, 1951, when, according to his testimony, he left the defendant and went to his mother's home in Clermont county, where he resided until this action was instituted on October 22, 1951.

By Section 8003-3, General Code, the jurisdiction of the court to entertain an action for divorce is dependent upon it being made to appear that the plaintiff is and for at least one year prior to the commencement of the action has been a resident of the state, and in actions for either divorce or alimony or both, a bona fide resident of the county for at least 90 days immediately preceding the filing of the petition.

If the time of plaintiff's residence in Clermont county is calculated from July 25, 1951, when he left the defendant and went to his mother's home in Clermont county, to the time the action was instituted on October 22, 1951, his residence in Clermont county falls short of the required 90 days by one day. That is according to the plaintiff's own testimony. According to the testimony of the defendant and witnesses called by her, the plaintiff did not leave her until August 1st, which would make the duration of his residence in Clermont county only 80 days at the time of the institution of this action.

As we understand the plaintiff's contention, he does not claim that if the duration of his Clermont county residence is to be determined by fixing its commencement as of the date on which he left the defendant that it would satisfy the requirement of 90 days' residence imposed by Section 8003-3, General Code. His contention is that the residence in Clermont county, which he had established prior to his marriage, was never abandoned. He testified that he always regarded Clermont county as his home and intended to return there, but he failed to testify to a single fact or act ocurring between July 1, 1950, and July 22, 1951, from which a corroborating inference could be drawn. The plaintiff's case then rests on his testimony that he had an intention to return, which was undisclosed until he testified in this case.

In the face of all the outward manifestations to the contrary, are the facts to which he testified sufficient to confer jurisdiction?

Plaintiff's counsel cite two cases decided by this court in support of an affirmative answer to this question. We do not think the cases support counsel's position.

The first case relied upon is *Glassman* v. *Glassman,* 75 Ohio App., 47, 60 N. E. (2d), 716. The trial court had dismissed the action for divorce for want of jurisdiction. The action was appealed to this court on a finding of facts. No bill of exceptions was filed in the trial court.

The finding of facts disclosed that the plaintiff—the wife—had been a bona fide resident, domiciled in Cincinnati and living there with her parents for a period of four years prior to her marriage. The defendant-husband was an officer in the medical corps of the United States army, stationed at Ft. Thomas, Kentucky, at the time of his marriage. At the time of his

induction into the army he resided in Charleston, West Virginia, where he was engaged in the practice of medicine. After their marriage, the husband was assigned successively to various army posts and his wife accompanied him to several, but he never established any residence in any of the places to which he took his wife and never provided a domicile for her. The question was whether the wife had lost her residence in Cincinnati. It was clear that they had no permanent home at any time during marriage. The issue was whether the wife, *ipso facto*, upon marriage, under these circumstances, lost her domicile and acquired as her own the technical domicile of her husband, even though the husband had no actual home there and took no step to provide one. All the court decided was that the marriage in and of itself effected no such transfer of the wife's domicile.

We fail to see any analogy between that case and the case at bar.

The other case relied on is *Saalfeld* v. *Saalfeld*, 86 Ohio App., 225, 89 N. E. (2d), 165. The question in that case was whether the plaintiff had been a resident of Ohio for one year prior to commencing the action for divorce. The plaintiff came to Cincinnati to receive training as a nurse and was occupied as a student nurse in a hospital during the time she claimed she was a resident to satisfy the requirement of the law. At the trial, she was asked: "Now you claim you are a resident of the state of Ohio since 1942?" Her answer was: "Yes, sir." Notwithstanding the plaintiff's actual presence in the state for more than one year and her positive testimony that it was the place of her residence, this court held that in view of the fact that she had come to Cincinnati to receive training as a nurse and was so engaged while there, and the further fact that while there she attempted to vote

at her residence in West Virginia, from which she had gone to Cincinnati, a finding that she had been a resident of Ohio for one year was manifestly against the weight of the evidence. The court remanded the cause for a new trial. It does not seem to us that that case has any relevancy to this case.

The net effect of the two cases is to illustrate that domicile is dependent upon presence and intention as shown by the facts and circumstances disclosed by the evidence; the decision in each case depending upon its own particular facts.

Counsel also rely upon *Village of Indian Hill* v. *Atkins*, 90 N. E. (2d), 161. The facts in that case were that Atkins, whose residence was the subject of controversy, had continuously declared that his residence was in Cincinnati, where his original residence had been. A reading of the facts in that case discloses its dissimiliarity to this case.

In 17 American Jurisprudence, 643, 644, Section 92, it is stated:

"Professor Beale has observed that 'since actions speak louder than words the conduct of a person is the most important evidence of his intention to acquire a domicile in a place.' Where, therefore, the declarations of a party as to his intent are inconsistent with his acts, his conduct is of greater evidential value than his declarations. Therefore, one who has resided and carried on business for years in one jurisdiction cannot for his own purposes insist that his domicile is in another. The facts may belie the expressed intent to retain a domicile actually given up. Merely speaking of the domicile of origin as 'home' may prove nothing, without any act showing an intention to return to it. So also a change of residence, clearly manifested as matter of law by acts, cannot be defeated by a subsequent declaration of the person that he did not intend

his acts to have that effect. But declarations accompanied by acts afford the strongest evidence which the nature of a case can furnish.''

The same principle is stated in 14 Ohio Jurisprudence, 593, 594, Section 44.

The burden of proof rested upon the plaintiff. He failed to introduce evidence of a single declaration made by him contemporaneous with the establishment of his home in Cincinnati of an intention to retain his residence in Clermont county. It is true that he had voted in Clermont county in 1948, but that was two years before he had moved his family to Cincinnati and one year before his marriage. His voting in 1948 showed his intention as to his residence at that time, but that has no tendency to explain his action two years thereafter.

We think the most that can be said in support of the plaintiff's position is that perhaps during his residence he had a sentimental attachment to Clermont county, because his mother resided there and it had been his home, and he may have had a vague, undisclosed purpose to return there at an uncertain future time.

It is stated in 17 American Jurisprudence, 609, Section 31, that:

''If a person has actually removed from one place to another, with an intention of remaining in the latter for an indefinite time and as a place of fixed present domicile, such latter place is to be deemed his place of domicile notwithstanding he may entertain a floating intention to return to his previous domicile at some future period. The intention to retain a former domicile is unavailing if it is doubtful, vague, or equivocal.''

We conclude that the plaintiff failed to prove that he had been a resident of Clermont county for 90 days at the time this action was filed, and, for that reason, the court did not have jurisdiction to grant the relief sought.

For these reasons, we are of the opinion that the court erred in overruling the defendant's motion to dismiss the action.

The judgment is reversed and the cause remanded with instructions to dismiss the action for want of jurisdiction.

*Judgment reversed.*

HILDEBRANT, P. J., concurs.