POE, APPELLANT, *v*. POE, APPELLEE.

(No. 176—Decided July 13, 1954.)

*Mr. H. S. Vaubel,* for appellant.
*Mr. Edward Stroebel,* for appellee.

YOUNGER, P. J. The question in this case arises out of a divorce action between the parties in which, before filing an answer, the defendant filed a motion to dismiss plaintiff's petition, on the ground that there had been condonation since the filing of the plaintiff's petition.

This motion was heard by the Common Pleas Court on February 19, 1954, resulting in the dismissal of plaintiff's cause of action, which is the order from which this appeal is taken.

The court heard evidence upon the motion, and the only relative testimony was given by the parties themselves, the defendant wife having testified that since the filing of the petition, there had been three acts of sexual intercourse between the parties, two of said acts occurring in the morning after defendant's

three children by a former marriage had gone to school; but she was unable to remember whether the third act was in the morning or late afternoon.

Plaintiff admitted three visits to the defendant's home; but he testified that the purpose of his visits was to have the defendant prepare some business ads for him, as she had always done during their married life, and he denied any acts of sexual intercourse.

There are two assignments of error: First, that the court erred in receiving testimony upon the motion and in overruling plaintiff's objections thereto; second, that the order of the court is against the weight of the evidence, and is not sustained by sufficient evidence and is contrary to law.

It is the contention of the plaintiff that condonation is an affirmative defense which must be specially pleaded; that a motion is not a pleading; and that therefore the question of condonation was not properly before the court when raised by motion.

In the case of *Winnard* v. *Winnard*, 62 Ohio App., 351, 23 N. E. (2d), 977, the Court of Appeals, Franklin County, held, as set forth in paragraph 3 of the syllabus, as follows:

"In a divorce action the defense of condonation is an affirmative one which must be specially pleaded."

In Section 2309.02, Revised Code, it is stated:

"The only pleadings in civil actions are:

"(A) Petition;

"(B) Demurrer to petition;

"(C) Answer, which if it demands affirmative relief may be styled a cross-petition;

"(D) Demurrer to answer;

"(E) Reply;

"(F) Demurrer to reply."

In 31 Ohio Jurisprudence, 535, Section 4, referring to the above-quoted section of the Code, it is stated:

"The above provision does not, of course, restrict the filing of motions, which are distinguishable from pleadings and which are the proper and necessary method of reaching defects of form in pleadings, being in the nature of a substitute for common law special demurrer."

Since condonation is an affirmative defense which must be specially pleaded, it must be set forth in a pleading. The defendant did not do this. She filed an unverified motion by her attorney, which motion was called for hearing by the court a few days after filing, and, over the objections of the plaintiff, the court proceeded to hear testimony and attempted to dispose of the merits of the case.

In 27 Ohio Jurisprudence, 761, Section 2, it is stated:

"A motion is not available to settle important questions of law, or to dispose of the merits of a case."

We are of the opinion that the plaintiff's first assignment of error is well taken and that the action of the Common Pleas Court in sustaining defendant's motion and in dismissing the plaintiff's petition was error and that such error was prejudicial to the rights of the plaintiff.

In view of this holding it is unnecessary to consider plaintiff's second assignment of error and we express no opinion thereon.

The case will be remanded to the Common Pleas Court with instructions to overrule the defendant's motion and to proceed with the case as provided by law.

*Judgment reversed and cause remanded.*

QUATMAN and MIDDLETON, JJ., concur.