**McMAKEN, Appellee,**

v.

**McMAKEN, Appellant.**

[Cite as *McMaken v. McMaken* (1994), 96 Ohio App.3d 402.]

Court of Appeals of Ohio,
Montgomery County.

No. 14305.

Decided Aug. 10, 1994.

*Raymond L. Landis* and *Mary Katherine Huffman,* for appellee.

*Kenneth J. Krochmal,* for appellant.

---

GRADY, Presiding Judge.

■   Defendant James McMaken appeals from the judgment and decree of the trial court terminating his marriage to plaintiff Theresa McMaken.  He presents a single assignment of error, arguing that the trial court was without jurisdiction to enter a judgment and decree.

Theresa filed a complaint for divorce which identified her residence address as one in San Antonio, Texas.  She subsequently filed an amended complaint that listed the same address.

James was served with the complaints, but did not file an answer or other pleading responsive to the claim for relief set up in them.  However, he did

submit an affidavit stating his regular income and expenses, on a form used by the court.

The trial court granted Theresa a decree of divorce on September 22, 1993. The decree divided the marital property and ordered James to pay an amount of spousal support.

James filed a notice of appeal on November 3, 1993. He subsequently filed a motion in the trial court to stay execution of its order, arguing that the trial court lacked jurisdiction to enter a judgment and decree because Theresa had failed to satisfy the residency requirements of R.C. 3105.03. He also filed a Civ.R. 60(B) motion to vacate judgment, arguing the same grounds. The trial court declined to rule on the motions because the appeal had deprived that court of jurisdiction to do so.

R.C. 3105.03 provides in part:

"The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint."

Theresa testified at the hearing on her divorce, which was uncontested. She stated that she had been a resident of Montgomery County, Ohio, for six months prior to filing her complaint. She also testified, however, that her address was 9215 Bridlewood Lane, San Antonio, Texas, and that she had moved there because her son became involved in some criminal problems. The move preceded the filing of her complaint for divorce by three years. She testified that it was not her intention to remove her legal residence from Montgomery County, Ohio.

In *Hager v. Hager* (1992), 79 Ohio App.3d 239, 607 N.E.2d 63, we noted that the residency requirements of R.C. 3105.03 are jurisdictional. We also stated:

"The word 'residence' in R.C. 3105.03 means 'domiciliary residence,' a concept which has two components: (1) an actual residence in the jurisdiction, and (2) an intention to make the state of jurisdiction a permanent home. *Coleman v. Coleman* (1972), 32 Ohio St.2d 155 at 162, 61 O.O.2d 406 at 409, 291 N.E.2d 530 at 535; *Spires v. Spires* (1966), 7 Ohio Misc. 197, 35 O.O.2d 289, 214 N.E.2d 691.

"The word 'residence' imports an actual physical presence within the state. It signifies an abode or place of dwelling. *Franklin v. Franklin* (1981), 5 Ohio App.3d 74, 5 OBR 186, 449 N.E.2d 457.

" 'Domicile' ordinarily has a broader meaning than residence. Domicile conveys a fixed, permanent home. It is the place to which one intends to return and from which one has no present purpose to depart. *Smerda v. Smerda* (C.P.1947), 48 Ohio Law Abs. 232, 35 O.O. 472, 74 N.E.2d 751. Domicile has been described as the relationship which the law creates between an individual and a particular locality. *Sturgeon v. Korte* (1878), 34 Ohio St. 525. A party's domicile generally

coincides with his place of residence. However, while an individual may have several residences, he can be domiciled in only one place at a given time. *Spires v. Spires, supra.*

"In an original action it is plaintiff's burden to show that he is domiciled in the state. *Redrow v. Redrow* (1952), 94 Ohio App. 38, 51 O.O. 266, 114 N.E.2d 293. The standard of proof is by a preponderance of the evidence. *Sturgeon v. Korte, supra.* The fact of residence in a location is *prima facie* evidence of domicile there, but is rebuttable by proof to the contrary. 36 Ohio Jurisprudence 3d (1982), Domicile, Section 19. However, an intention to make a permanent home is known only by the individual concerned and is, therefore, largely a subjective determination. *Coleman v. Coleman, supra.*" *Id.*, 79 Ohio App.3d at 244, 607 N.E.2d at 66–67.

Theresa's testimony that she did not intend to remove her legal residence from Ohio when she went to live in Texas is probative of her subjective intent, which is known only to her. However, her expression of that intent is belied by her other testimony. The trial court is not bound by her statement of intent when the objective facts contradict it.

Theresa testified that James had urged her to leave Ohio, promising to join her later in Texas. When she departed Ohio it was her intention to not return, but to remain in Texas or somewhere else south. She lived there continuously, for three years, before her divorce complaint was filed. The marital residence in Ohio was sold. While her statement is some evidence of her intention to make Ohio a permanent home, she maintained no actual physical presence here. Her actual residence was in Texas. Her domiciliary residence, which is the "residence" contemplated in R.C. 3105.03, was not in Ohio when she filed her complaint for divorce.

■■■ Section 4, Article IV of the Ohio Constitution provides that the courts of common pleas shall have such original jurisdiction as may be provided by law. Thus, subject matter jurisdiction over divorce matters is prescribed and determined by statute. *Jelm v. Jelm* (1951), 155 Ohio St. 226, 44 O.O. 246, 98 N.E.2d 401. The six-month residency requirement in R.C. 3105.03 is constitutional. *Coleman v. Coleman* (1972), 32 Ohio St.2d 155, 61 O.O.2d 406, 291 N.E.2d 530. If the plaintiff in a divorce action fails to satisfy that requirement, the court has no jurisdiction to grant a decree of divorce in the action, and any decree issued is absolutely void. *Glassman v. Glassman* (1944), 75 Ohio App. 47, 30 O.O. 352, 60 N.E.2d 716; *Maze v. Maze* (July 22, 1985), Montgomery App. No. 9068, unreported, 1985 WL 8757.

On this record, we find that the trial court lacked jurisdiction to enter a decree of divorce. Accordingly, the judgment will be reversed and the decree will be vacated.

*Judgment reversed.*

BROGAN and WOLFF, JJ., concur.