POLAKOVA, Appellant,

v.

POLAK, Appellee.

[Cite as *Polakova v. Polak* (1995), 107 Ohio App.3d 745.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-941050.

Decided Dec. 13, 1995.

*Marshall C. Hunt, Jr.,* for appellant.

*Joel Moskowitz,* for appellee.

PAINTER, Judge.

Plaintiff-appellant Katarina Polakova is a citizen of the Slovak Republic who entered the United States in April 1992 on a visa under "J" status. Her visa was a nonimmigrant temporary visa that permitted her to work in the University of Cincinnati Department of Physiology and Biophysics ("UC") from March 1, 1992 to February 28, 1995. This visa could have been extended for an additional six

months at the discretion of the director of the program at UC, and an additional thirty-six months at the discretion of the United States Information Agency ("USIA").

Polakova's husband, defendant-appellee Jaroslav Polak, and her daughter, Zuzana, arrived in Ohio from the Slovak Republic in September 1992 and were in Ohio at the time Polakova filed the divorce complaint.

Polakova claims that on November 8, 1993, when she filed her complaint for a divorce, she had the intent to remain indefinitely in Ohio. At that time, her temporary visa was set to expire March 28, 1995, and she had not yet applied for an extension.

Her expert, Douglas Weigle, an immigration and naturalization attorney, testified that he would recommend that she apply for an extension in early February 1995. He also testified that Polakova would have to apply for a waiver of her two-year foreign resident requirement if it were her desire to become a permanent resident.[1] He further testified that successful application to become a permanent resident through employment status could take as much as two years for approval.

Weigle testified that another option that Polakova might have would be to apply for a waiver of her two-year foreign resident requirement and acquire "H" status, which would allow her to stay for a period of up to six years. Polakova's supervisor testified that he had a grant and could employ her to the year 2000.

Polak contested the divorce on the basis of subject-matter jurisdiction. The matter was heard by the trial judge November 15 and 18, 1994. At the time of the hearings in November 1994, Polak had returned to the Slovak Republic.

On December 2, 1994, the trial judge dismissed Polakova's complaint for lack of subject-matter jurisdiction and awarded Polak $4,500 for attorney fees.

In her two assignments of error, Polakova asserts that the trial judge erred by (1) dismissing the complaint for lack of jurisdiction; and (2) granting Polak's motion for attorney fees.

Polakova argues that the trial court had subject-matter jurisdiction because she was a resident of Ohio for the jurisdictional purposes of obtaining a divorce. Polakova argues that a person in Ohio pursuant to a "J" status visa can establish residency for that purpose.

R.C. 3105.03 states: "The plaintiff in actions for divorce * * * shall have been a resident of the state at least six months immediately before filing the complaint

---

1. A permanent resident is more commonly known as a "green card" holder. Now, the card is actually pink in color, but the name has not changed.

* * *." To establish her residency, which requires domicile under this statute, Polakova must establish that she maintains an actual physical residence in Ohio and has the intention of remaining in Ohio indefinitely. *State ex rel. Saunders v. Allen County* (1987), 34 Ohio St.3d 15, 516 N.E.2d 232.

It is undisputed that Polakova maintains an actual physical residence in Ohio. Polakova claims that she intended to remain in Ohio indefinitely. Polak disputes whether Polakova held the requisite intent to confer jurisdiction for the purpose of the divorce proceeding.

A plaintiff's domicile in a divorce action is a question of intent and the plaintiff's representation will be accepted unless facts and circumstances establish that the plaintiff's claimed intent cannot be accepted as true. *Winnard v. Winnard* (1939), 62 Ohio App. 351, 16 O.O. 51, 23 N.E.2d 977. A person effectively changes her domicile when she actually abandons the first domicile, coupled with the intention not to return to it, and acquires a new domicile. *Id.* Because an individual may express an intent she does not possess, the trial court must examine the facts and circumstances to determine whether the individual actually has the intention to remain in Ohio indefinitely. *Coleman v. Coleman* (1972), 32 Ohio St.2d 155, 61 O.O.2d 406, 291 N.E.2d 530.

Though Polakova obtained an Ohio driver's license, rented an apartment, and paid taxes in Ohio, the trial court essentially held that Polakova had not proven by a preponderance of the evidence that she effectively abandoned the Slovak Republic as her domicile. At the time of the hearing, Polakova was not legally capable of changing her visa status from a temporary "J" status to a permanent status. She established that she could hypothetically be granted extensions to her visa; however, she would still have to return at some point.[2] Therefore, although we hold that a person in Ohio pursuant to a "J" status visa *may* be able to establish domicile in Ohio, we affirm the trial judge's finding that Polakova failed to meet her burden to establish her domicile in Ohio by a preponderance of the evidence.[3]

---

2. We believe that chasing prospective hypotheticals is akin to rummaging around a thicket for a nonexistent rabbit.

3. While Polakova argues that this result is "chaos," we find no evidence in the record stating that she cannot return to the Slovak Republic to pursue a divorce action in that jurisdiction. We further find no irreparable harm because she can obviously refile upon gaining a greater ability to demonstrate that she has established Ohio as her domicile. For example, she could take steps toward attaining a permanent resident status. However, the law does not permit two concurrent domiciles and for us to recognize two concurrent domiciles would result in much greater chaos than we could probably imagine.

For these reasons, we agree with the trial court that Polakova is not domiciled in Ohio and overrule the first assignment of error.[4]

■ Polakova argues that it was an abuse of discretion for the trial court to award attorney fees pursuant to R.C. 3105.18(H) without following Loc.R. 18.1 of the Hamilton County Court of Common Pleas, Domestic Relations Division. Loc.R. 18.1 requires the person who files the motion for attorney fees to present "[e]vidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing."

■ However, we *sua sponte* find that the pertinent issue under this assignment is whether the court can lack subject-matter jurisdiction and still assess fees against a party. It is well established that any order by a court that lacks subject-matter jurisdiction is void. *State ex rel. Beil v. Dota* (1958), 168 Ohio St. 315, 7 O.O.2d 36, 154 N.E.2d 634; *Martin v. Jadwisiak* (Feb. 8, 1991), Ottawa App. No. OT–89–24, unreported, 1991 WL 16511.

Therefore, we hold that the trial court order awarding attorney fees to Polak pursuant to R.C. 3105.18(H) without jurisdiction is void. Accordingly, we sustain the second assignment of error.

For the reasons stated above, we overrule the first assignment of error, sustain the second assignment of error, vacate the order granting attorney fees to Polak, and affirm the judgment as modified.

*Judgment accordingly.*

MARIANNA BROWN BETTMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

4. We leave for another day the question of what circumstances must exist for a holder of a "J" status visa to establish domicile successfully in Ohio.