OPINION
Plaintiff Elizabeth Dobson appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which found it lacked jurisdiction over her complaint for divorce from defendant Shawn Dobson. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY APPROVING AND ADOPTING THE MAGISTRATE'S DECISION THAT PLAINTIFF/APPELLANT FAILED TO MEET THE SIX (6) MONTH RESIDENCE REQUIREMENT, AND THE COUNTY NINETY(90) DAY RESIDENCE REQUIREMENT, BECAUSE SHE VISITED DEFENDANT/APPELLEE AT HIS MARINE BASE FOR TWELVE (12) MONTHS BEFORE RETURNING TO HER HOME IN STARK COUNTY.
Appellant filed her complaint for divorce on April 24, 1997. On May 20, 1997, the court held a hearing for temporary orders. At that time, appellee moved for dismissal on grounds that appellant had not met the jurisdictional requirements of R.C.3105.03. That statute requires the plaintiff in an action for divorce or annulment be present in the state for at least six months immediately before filing her complaint. At the hearing, appellant's attorney represented that appellee was a member of the United States Marine Corp and was stationed in California. For a period of somewhat over one year, appellant went to California and lived with appellee. Approximately four months before filing the complaint, appellant returned to Ohio with the parties' child.
The trial court found the parties to this action had moved to California in January of 1996, and appellant moved back to Ohio in January of 1997. The court concluded appellant did not meet the jurisdictional requirement, and dismissed the action.
Appellant urges when a person enters the armed forces, his or her residency does not change by virtue of the fact the military assigns the person to a location in another state, see Draper v.Draper (1958), 107 Ohio App. 32. Instead, a person who enters the armed forces of the United States retains the same residency throughout the term of service unless the person voluntarily selections a new residence, for example by buying a home off base, see Glassman v. Glassman (1944), 75 Ohio App. 47. In Hager v.Hager (1992), 79 Ohio App.3d 239, for example, the Court of Appeals for Greene County found a serviceman was a resident of the State of Ohio because he not only was stationed at Wright-Patterson Air Force Base, but had identified Ohio as his legal residence with the military, had registered to vote in Ohio, had registered his personal automobile in Ohio, and had obtained an Ohio driver's license. Based upon those facts, the Greene County Court of Appeals concluded the serviceman had demonstrated an intent to make Ohio his permanent home.
While spouses need not have the same residency, we find it would be illogical to hold where a husband and wife live together on base because one is in the military, the person in the military retains his or her former residency but the spouse has relocated. We find it more reasonable to hold the spouse of a person in the military does not change residency when living on base because of military service.
In an original action, the plaintiff must plead and approve the jurisdictional requirements, including residency, see Redrowv. Redrow (1952), 94 Ohio App. 38. Intention to make a permanent home is largely a subjective determination, see Coleman v.Coleman (1972), 32 Ohio St.2d 155.
We find on this record the limited information available to the trial court does not support the court's determination as a matter of law that the parties had changed their residence to California. Accordingly, we find the trial court erred in dismissing the complaint.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Divisions of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Farmer, P.J., and Hoffman, J., concurs separately.