Defendant-appellant, Brian E. Weightman, appeals the July 16, 1998 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying appellant's motion to vacate a decree of divorce granted January 4, 1993. Appellant contends that the divorce decree is void for lack of subject matter jurisdiction and personal jurisdiction. For the reasons that follow, we affirm the decision below.
On October 16, 1991, plaintiff-appellee filed her complaint for divorce. In the complaint, appellee alleged that she had been both a resident of Ohio for more than six months and a resident of Franklin County for more than ninety days immediately preceding the filing of the complaint. Appellant, a resident of Florida, was served with process according to law but failed to file an answer or other pleading in response to the complaint.
A final hearing on the complaint for divorce was held on January 4, 1993. Appellant did not appear in person or by counsel at the hearing, but by letter filed January 4, 1993, requested a continuance contending that he could not afford the trip to Ohio or to retain an Ohio lawyer. The trial court denied appellant's request for a continuance. On January 28, 1993, the trial court filed its judgment entry — decree of divorce granting appellee a divorce. In the entry, the trial court specifically found that appellee was both a resident of Ohio for more than six months and a resident of Franklin County for more than ninety days immediately preceding the filing of the complaint. Appellee did not appeal the divorce decree.
On May 4, 1998, appellant filed a motion for relief from judgment seeking an order setting aside the divorce decree on the ground that the trial court lacked subject matter jurisdiction. In particular, appellant contended that appellee's allegation that she resided in Ohio for six months immediately preceding the filing of the complaint was false and that the failure of appellee to satisfy the six-month residency requirement of R.C. 3105.03 rendered the divorce decree void. On June 8, 1998, the trial court held a hearing on appellant's motion, and pursuant to directions from the trial court, the parties subsequently filed post-trial briefs.
On July 16, 1998, the trial court issued its decision and entry denying appellant's motion. The trial court held that appellant's failure to file an answer constituted an admission of the facts serving to establish subject matter jurisdiction (i.e., that appellee satisfied the six-month residency requirement) and that appellant's motion was barred by principles of res judicata and laches. It is from this entry that the appellant appeals raising the following two assignments of error:
 1. THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO VACATE THE DIVORCE DECREE FILED JANUARY 28, 1998 AS THE COURT LACKED SUBJECT MATTER JURISDICTION OVER THE ORIGINAL DIVORCE.
 2. THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO VACATE THE DIVORCE DECREE FILED JANUARY 28, 1998 AS THE COURT LACKED IN PERSONAM JURISDICTION OVER THE DEFENDANT IN THE ORIGINAL DIVORCE.
In his first assignment of error, appellant contends that the trial court erred in failing to vacate the 1993 divorce decree on the ground that the trial court lacked subject matter jurisdiction over the original divorce. We disagree, finding that the trial court correctly held that appellant's failure to file an answer constituted an admission of those facts establishing subject matter jurisdiction of the court and that appellant is thereby estopped from subsequently challenging the court's jurisdiction.
A judgment rendered by a court lacking subject matter jurisdiction is void. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. The six-month residency requirement of R.C. 3105.03 is jurisdictional. As such, if the plaintiff in a divorce action fails to satisfy the residency requirements, the trial court has no authority to grant a decree of divorce in the action. McMaken v. McMaken (1994),96 Ohio App.3d 402, 405.
While challenges to the subject matter jurisdiction of the court are generally not waivable, see Civ.R. 12(H); In re Claimof King (1980), 62 Ohio St.2d 87, 89, a party may not challenge the jurisdiction of the court when such jurisdiction is based upon previously uncontested or admitted facts. As stated by the Ohio Supreme Court, "[a]lthough adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, they may stipulate the truth of facts that are sufficient to confer jurisdiction." Beatrice Foods Co. v.Porterfield (1972), 30 Ohio St.2d 50, paragraph two of the syllabus; see, also, In re Palmer (1984), 12 Ohio St.3d 194,196 ("Stipulation to the truth of facts necessary to insure jurisdiction, however, may suffice to confer jurisdiction through estoppel.").
Therefore, a litigant may not collaterally attack a divorce decree based upon the lack of subject matter jurisdiction of the issuing court when the factual predicate for such jurisdiction was originally admitted. See Sturgill v. Sturgill
(1989), 61 Ohio App.3d 94. In Sturgill, supra, the defendant, like appellant here, appealed from a decision of the trial court denying his motion to vacate a previously entered divorce decree on the ground that his wife had misrepresented her residency status, and that as a result, the trial court lacked subject matter jurisdiction pursuant to R.C. 3105.03. The court of appeals affirmed holding that the defendant was estopped from challenging the subject matter of the issuing court because he had admitted the jurisdictional facts in his prior pleadings and had failed to appeal the trial court's original divorce decree, which found that the residency requirements had been met. In noting that many courts "appear to assume" that subject matter objections may be raised at any time, the court stated that "[t]he correct rule, however, is that if the record shows jurisdiction, by allegation or admission of the parties as to jurisdictional facts, the trial judge may refuse to hear a jurisdictional objection" subsequent to such admissions. Id.
at 101.
The same analysis applies here. In her original complaint, appellee alleged facts satisfying the residency requirements. Appellant was served with a copy of this complaint but never filed an answer. As such, appellee admitted the factual allegations that conferred subject matter jurisdiction over the divorce decree. Moreover, appellant failed to appeal the original divorce decree, which specifically held that the residency requirements had been satisfied. As such, like the court in Sturgill, we hold that appellant is estopped from challenging the subject matter jurisdiction of the trial court over the original divorce decree. Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court erred in failing to vacate the original divorce decree on the ground that the trial court lacked personal jurisdiction over appellant at the time of the original divorce. Again, we find no error.
First, appellant did not raise the issue of personal jurisdiction in his motion for relief from judgment in the trial court. As such, he waived this issue by failing to bring it to the attention of the trial court. Security Ins. Co. v.Regional Transit Auth. (1982), 4 Ohio App.3d 24, 28 ("A question of personal jurisdiction [unlike a question of subject matter jurisdiction] may not be raised for the first time on appeal."). Second, even if appellant had raised the issue in his motion at the trial court, it provided no basis for relief. Defenses based upon a lack of personal jurisdiction, improper venue, insufficiency of process, or insufficiency of service of process are waived if not raised in either a preanswer motion or the answer itself. See Civ.R. 12(H)(1). Again, appellant was served with a copy of appellee's complaint but failed to file a responsive pleading or a motion raising the issue of personal jurisdiction. As such, appellant is precluded from collaterally attacking the original divorce decree on the basis of a lack of personal jurisdiction. Appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.