OPINION
{¶ 1} Defendant-appellant Stephen Collins appeals from the January 7, 2004, Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his Motion for Relief from Judgment pursuant to Civ.R. 60(B).
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Stephen Collins and appellee Tressie Collins were married on June 24, 1988. Twin children were born as issue of said marriage, to wit, Stephen and Stephanie (DOB 2/16/89).
 {¶ 3} Thereafter, on July 15, 2003, appellee filed a complaint for divorce against appellant. Appellee, in her complaint, stated that she "is now and has been for more than six (6) months next preceding the filing of this Complaint, a bona fide resident of Ohio; . . ." Appellant did not file an answer to appellee's complaint.
 {¶ 4} On August 18, 2003, the parties entered into a Separation Agreement. The Separation Agreement, which was filed with the trial court on August 25, 2003, stated in paragraph 5, in relevant part, as follows: "[i]t is the intention of the Wife [appellee] to move with the children to the residence at 123 Fontana Lane, Siloam, North Carolina, on or about June 26, 2003." The Separation Agreement further stated, in paragraph 12, that "[n]otice is hereby given that Wife [appellee] is moving to 123 Fontana Lane, North Carolina with the children as of June 26, 2003."
 {¶ 5} A hearing on appellee's complaint for divorce, which was uncontested, was held on October 6, 2003, before a Magistrate. Appellant did not appear at such hearing. At the hearing, appellee testified, under oath, that she had been a resident of the State of Ohio for at least six (6) months and a resident of Tuscarawas County for at least ninety (90) days preceding the filing of her complaint for divorce. Thereafter, the Magistrate, pursuant to a Judgment Entry filed on October 7, 2003, recommended that appellee's complaint for a divorce be granted and that the parties' Separation Agreement be incorporated into the Divorce Decree. A Judgment Entry approving and adopting the Magistrate's Decision as the final order of the court was filed on the same day.
 {¶ 6} Appellant filed pro se objections to the Magistrate's Decision on October 20, 2003. As memorialized in a Judgment Entry filed on November 10, 2003, the trial court overruled the objections. On November 19, 2003, appellant filed a supplemental objection to the trial court's October 7, 2003, Judgment Entry arguing, in part, that the trial court lacked jurisdiction over the divorce case because appellee was not a resident of Ohio for at least six (6) months immediately preceding the filing of her complaint. Appellant, in his supplemental objection, argued, in relevant part, as follows:
 {¶ 7} ". . . review of the Separation Agreement demonstrates at paragraph 5, Division of Property, section A Real Estate, that wife was in the process of moving with the children to Siloam, North Carolina on or about June 26, 2003. Based upon the sworn Separation Agreement statement, wife was not a resident of Ohio at the time the divorce action was filed having had the intention and having commenced to move to the State of North Carolina. The Separation Agreement at paragraph 12, Parental Rights and Responsibilities of Children, further states that notice was given that wife is moving to Siloam, North Carolina with the children as of June 26, 2003. Therefore, wife had moved her residence to a home owned by the parties in Siloam, North Carolina. Under Ohio Revised Code Section 3105.03, Plaintiff was not a resident of the state for at least six months immediately before filing the Complaint and therefore this Complaint should be dismissed."
 {¶ 8} An oral hearing on appellant's supplemental objection was held on December 8, 2003. The trial court, at such hearing, treated appellant's supplemental objection as a motion to vacate the October 7, 2003, Judgment Entry pursuant to Civ.R. 60(B). As memorialized in a Judgment Entry filed on January 7, 2004, the trial court overruled the same. The trial court, in its entry, found that the record in the case sub judice did not establish that appellee was not a resident of Ohio for at least six (6) months immediately preceding the filing of her complaint and that appellant had a full opportunity to challenge appellee's residency assertion in her complaint, but chose not to do so. The trial court further found that appellant's citation to the Separation Agreement, which indicated that appellee intended to move to North Carolina in late June of 2003, was "insufficient to successfully challenge the subject matter jurisdiction of this Court . . ."
 {¶ 9} It is from the trial court's January 7, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred in overruling appellant's motion for relief from judgment as the October 7, 2003 judgment entry is void ab initio because the trial court lacked subject matter jurisdiction to terminate the parties' marriage."
 I {¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion for Relief from the trial court's October 7, 2003, Judgment Entry since the trial court lacked subject matter jurisdiction to grant appellee's complaint for a divorce. We disagree.
 {¶ 12} R.C. 3105.03 requires a plaintiff in an action for divorce to have been a resident of the State of Ohio for at least six months immediately before filing the complaint. This six-month residency requirement of R.C. 3105.03 is jurisdictional. McMaken v. McMaken (1994), 96 Ohio App.3d 402,405, 645 N.E.2d 113. A judgment rendered by a court lacking subject-matter jurisdiction is void. Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Thus, if the plaintiff in a divorce action fails to meet the residency requirements, the trial court has no authority to grant a decree of divorce in the action. McMaken, supra. at 405.
 {¶ 13} In the case sub judice, appellant argues that appellee could not have been a resident of the State of Ohio for at least six months immediately preceding the filing of her complaint for divorce since, while the complaint was filed on July 15, 2003, the parties' Separation Agreement, which was signed by appellee, stated that appellee intended to move to North Carolina with the parties' children as of June 26, 2003. Appellant notes that this date is prior to the date the complaint for divorce was filed.
 {¶ 14} However, appellee, in her complaint, alleged that she was a resident of the State of Ohio for at least six (6) months immediately preceding the filing of her complaint. A rebuttable presumption then arises that appellee satisfied the residency requirements. See Jackman v. Jackman (1959), 110 Ohio App. 199,202, 160 N.E.2d 387,390. Appellant, however, did not file an answer to the complaint. Moreover, at the uncontested divorce hearing on October 6, 2003, appellee testified under oath as follows:
 {¶ 15} ""Prior to filing your Complaint for Divorce on 07/15/2003, had you been a resident of the State of Ohio at least sic (6) months?
 {¶ 16} "Tressie Collins: Yes.
 {¶ 17} "The Court: And had you been a resident of Tuscarawas County at least ninety (90) days?
 {¶ 18} "Tressie Collins: Yes." Transcript of October 6, 2003, hearing at 4. Appellee's testimony was uncontroverted by appellant.[1]
 {¶ 19} Based on the foregoing, we find that there was uncontroverted testimony that appellee was a resident of Ohio for at least six (6) months immediately preceding the filing of her complaint for divorce. The trial court, therefore, had jurisdiction to grant appellee's complaint for divorce. We find, for such reason, that the trial court did not err in overruling appellant's Motion for Relief from the October 7, 2003, Judgment Entry.
 {¶ 20} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J., Wise, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] While appellant, in his brief, contends that he did not receive notice on the October 6, 2003, divorce hearing, we note that appellant has not assigned as error the alleged lack of notice.